LEMMON, Judge.
Plaintiffs, the authorized agents of several title insurance corporations, filed a petition for injunctive relief seeking to enjoin defendants, another title insurance corporation and its agent, from violating R.S. 22:1406, subd. C, which requires that “Every title insurer doing business in this state shall adhere to the rates promulgated by any title insurance rating bureau licensed under this Part, and which rates have been approved by the casualty and surety insurance division.”
Plaintiffs alleged that defendants adopted a rate schedule which was not promulgated by any licensed rating bureau or approved by the casualty and surety insurance division, in violation of the cited statute, and that plaintiffs are daily suffering irretrievable loss of business because they cannot compete with defendants without violating the same prohibitory law.
Defendants filed numerous exceptions, and the trial court (through a substitute judge of the division during vacation), after considering documentary evidence filed at the hearing on the exceptions, maintained the exception of no cause of action. Upon plaintiffs’ application for supervisory writs, this court reviewed only the petition and ordered that the judgment maintaining the exception be set aside and that the exception of no cause of action be overruled.
The trial court then considered and ruled upon all exceptions, maintaining several exceptions and dismissing the suit. We then granted a writ of certiorari upon plaintiffs’ second application for supervisory writs.
We now separately treat each exception which has been maintained by the trial court.

No Right of Action

This exception is designed to question the interest or right of the plaintiff in instituting the suit. C.C.P. art. 927. If a valid cause of action has been asserted by the petition, the exception of no right of action will be maintained only if the wrong plaintiff brought the suit.
The present plaintiffs, seeking injunctive relief on the grounds that they will otherwise be irreparably injured, are certainly the proper parties to bring this action. See also C.C.P. art. 681. The issue as to whether or not plaintiffs can prove irreparable injury is a matter of defense at a trial on the injunction, and that issue is not properly raised by the exception of no right of action.
As to the contention that the Commissioner of Insurance is the only party empowered to enjoin violations of prohibitory provisions of the Insurance Code, we note that R.S. 22:1366 merely authorizes that official to do so. Nothing in the cited statute, or in any other law of which we are aware, prohibits the use of injunctive process for that purpose by one who is suffering irreparable injury as a result of the alleged violations.

Prematurity

The trial court, citing R.S. 22:1351, 1360 and 1408, ruled that court action was premature until plaintiffs had exhausted the administrative remedies provided in the Insurance Code and in the Administrative Procedures Act (R.S. 49:951 et seq).
This action is not one to fix, approve, disapprove, or adjust insurance rates, nor is it a complaint by parties aggrieved by a *239 rate filing. Rather, this is an action to enjoin violation of a statute that requires adherence to rates which have been promulgated and approved. While defendants argue in brief that their lower rate schedule was properly filed and became effective by operation of law when not timely disapproved, this argument addresses itself to the defense of the injunction suit and depends upon facts which have not yet been presented to the trial court.[1]
Furthermore, even if there are administrative remedies available to plaintiff, the requirement of pursuing these remedies does not apply when irreparable loss is involved. West v. Town of Winnsboro, 252 La. 605, 211 So.2d 665 (1968). Moreover, an injunction may be sought, regardless of irreparable injury, when the course of action sought to be enjoined is repro-bated by law. Whalen v. Brinkman, 258 So.2d 145 (La.App. 1st Cir.1972).
As we similarly observed in determining the preceding exception, the issue as to whether or not plaintiffs can prove irreparable injury is not properly raised by the exception of prematurity.[2]

Unauthorized Use of Summary Proceeding

Since we have concluded that plaintiffs are entitled to proceed by injunction, the exception of improper use of summary proceeding must also be overruled.

Non-Joinder of Indispensable or Necessary Parties

The trial court reasoned:
“It is evident, further, that the Insurance Commissioner and the Insurance Commission must be present in these proceedings as necessary parties since the insurance code establishes them as ‘the’ parties with whom rate schedules are to be filed, and who approve or modify rates, and who protect the public interest as well as the rights of aggrieved persons.”
Since this is an action to enjoin two business corporations from violating a prohibitory statute and does not seek approval, disapproval, or adjustment of rate schedules, neither the Louisiana Insurance Rating Commission nor the Commissioner are indispensable or necessary parties.
Defendants argue in brief, however, that if this case goes to trial, they will contest the legality and constitutionality of “Division B” rates, to which plaintiffs seek to compel them to adhere. Defendants, however, have not yet raised these defenses by pleadings or by evidence. With the case in its present posture, we cannot determine the legality of these rates. Therefore, since the relief now requested by plaintiffs does not affect either the Commission or the Commissioner (C.C.P. art. 641), and since the joinder of these parties is not necessary for a complete adjudication of the controversy raised by plaintiffs (C.C. P. art. 642), the exceptions of non-joinder must be overruled.

Improper Venue

The venue provided in R.S. 22:1360 (deemed to be applicable by the trial court) applies by its terms only to' a review of the Commissioner’s “order refusing a hearing or an order on hearing.” Furthermore, venue in an action against *240 the Commissioner (argued to be applicable by defendants) is not relevant, since we have decided that the Commissioner is not an indispensable party.
Venue in a suit for injunction is determined by the general rules of venue provided in C.C.P. art. 42. Defendants do not disagree that Orleans Parish is the proper venue under those rules.[3]
Accordingly, the judgment of the trial court maintaining the exceptions of no right of action, prematurity, unauthorized use of summary proceeding, non-joinder of indispensable or necessary parties and improper venue is reversed, and it is now ordered that these exceptions be overruled. The case is remanded to the trial court for further proceedings. Assessment of costs will await final disposition of the case.

Reversed and remanded.

. R.S. 22:1408, subd. D by its terras applies to a party “aggrieved with respect to any filing which is in effect”. (Emphasis supplied)

. Plaintiffs were not allowed to present evidence on the issue of irreparable injury. Pursuant to C.C.P. art. 1636 plaintiffs did file several documents bearing on the issue, and counsel stated that two other title insurers had applied for similar deviations which were denied.
Nevertheless, we do not comment on the sufficiency of the evidence on that issue; we simply hold that plaintiffs are entitled to present such evidence in support of their petition for injunction.

. This is also the proper venue for an injunction brought by the Commissioner under R.S. 22:1366.