ARMSTRONG, Judge.
This is a suit for the wrongful issuance of an injunction.
The defendants, Lucas Bacino and Baci-no and Associates, Inc. as agent for defendant, The Insurance Company of the State of Pennsylvania, Inc., were selling insurance on taxis in the New Orleans area at rates below those approved by the Insurance Service Office, which promulgates rates for small insurance companies.
Consequently plaintiffs, Crescent Adjustment Services, Inc. and Interstate Transportation Association, Inc., filed a petition for an injunction and obtained a temporary restraining order prohibiting defendants from selling insurance at the unapproved rates. In response, defendants filed exceptions of no cause of action and failure to include an indispensible party, claiming that any hearing on unfair practices should be held before the Insurance Rating Commission and that the Insurance Rating Commission has the power to remedy such *1122 situations. The trial court maintained the defendants’ exception of no cause of action and “jurisdiction,” and plaintiffs’ petition was dismissed. Defendants then reconvened, claiming wrongful issuance of the temporary restraining order.
The trial court dismissed the reconven-tional demand stating as follows:
When defendants here sought the T.R.O., the rates restrained were unauthorized. I declined to issue a preliminary injunction only because I believed the matter ought first to be submitted to the Insurance Rating Commission, which eventually approved the rates. But when the T.R.O. was sought, the rates were not authorized and the T.R.O. was properly issued. That the restraining order was issued against the agent is of no moment, since he was restrained only from selling insurance at the unauthorized rates.
Defendants appeal from that judgment, claiming that the trial court’s decision is manifestly erroneous.
LSA-C.C.P. Art 3608 reads as follows:
The court may allow damages for the wrongful issuance of a temporary restraining order or preliminary injunction on a motion to dissolve or on a reconven-tional demand. Attorney’s fees for the services rendered in connection with the dissolution of a restraining order or preliminary injunction may be included as an element of damages whether the restraining order or preliminary injunction is dissolved on motion or after trial on the merits.
In its discussion of wrongful issuance in Roy v. Union Bank, 347 So.2d 286 (La.App. 3rd Cir.1977), that court stated, “The word ‘wrongful’ does not necessarily connote bad faith or connivance, but it does import the infringement of some right. The use of the injunctive process is an extreme remedy, and its improper issuance causes the mover to stand the responsibility therefor.”
Thus, in order to determine whether there has been wrongful issuance, we must determine whether the temporary restraining order infringed upon some right of the defendant. The right which the defendant claims is protected is the right to sell insurance below the rates approved by the Insurance Rating Commission.
LSA-R.S. 22:1406(A) specifies that “[ejvery insurance company, reciprocal or exchange, authorized to write casualty insurance, including vehicle insurance, within the scope of this Part shall adhere to rates as approved by the Casualty and Surety Insurance Division.”
The record reflects that at the time the temporary restraining order was issued the defendants’ rates had not been approved by the Insurance Rating Commission, and they were not approved by the Commission until after the restraining order had been dissolved.
It is manifest that defendant, the Insurance Company of the State of Pennsylvania, had no right to sell insurance below approved rates, and that as its agent Bacino and Bacino and Associates, Inc. assisted in this violation of the law. Under these circumstances we do not think that the temporary restraining order infringed upon defendants’ rights in any manner. The temporary restraining order was not wrongfully issued.
As for appellants’ contention that the trial court should have taken into account the Insurance Commission’s power to issue cease and desist orders in these situations and waited for the Commission to act on plaintiff’s pending complaint, that contention was answered by this Court in the case of Steeg v. Lawyers Title Ins. Corp., 323 So.2d 236 (La.App. 4th Cir.1975) where we stated:
As to the contention that the Commissioner of Insurance is the only party empowered to enjoin violations of prohibitory provisions of the Insurance Code, we note that R.S. 22:1366 merely authorizes that official to do so. Nothing in the cited statutes, or in any other law of which we are aware, prohibits the use of the injunctive process for that purpose *1123 by one who is suffering irreparable injury as a result of the alleged violations.
We adhere to our opinion in Steeg and find that there is no prohibition against a trial court’s allowing injunctive relief under these circumstances.
For the foregoing reasons the trial court’s decision dismissing defendants’ claim for wrongful issuance of a temporary restraining order is affirmed.
AFFIRMED.