329 So.2d 719 (1976)
Moise S. STEEG, Jr., d/b/a Orleans Title Agency, et al., Plaintiffs-Respondents,
v.
LAWYERS TITLE INSURANCE CORPORATION and Lawyers Title of Louisiana, Inc., Defendants-Relators.
No. 57344.
Supreme Court of Louisiana.
March 29, 1976.
*720 Gordon A. Pugh, F. Charles McMains, Jr., Breazeale, Sachse & Wilson, Baton Rouge, for defendants-applicants.
Phillip A. Wittmann, Clinton W. Shinn, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, for plaintiffs-respondents.
TATE, Justice.
The agents of several title insurers sue to enjoin the defendant competitor, a title insurer and its agent, from furnishing title insurance at a lower and allegedly illegal rate.
The trial court sustained exceptions and dismissed the suit upon several grounds, the most important of which (prematurity) involves the plaintiffs' alleged failure to exhaust administrative remedies.
Granting certiorari, the court of appeal reversed. 323 So.2d 236 (La.App. 4th Cir. 1975). The court concluded that, because of the inadequacy of any administrative remedy, the plaintiffs were entitled to secure a judicial determination of the legality or not of their competitor's lower rates, without first resorting to administrative relief.
We granted certiorari, 325 So.2d 275 (1975), because of the urgent need in the present litigation to settle this issue, as well as in order to clarify the procedure by which the issue may be raised.

(1)
The defense that the plaintiff is not entitled to judicial relief because he has not exhausted his administrative remedies, may be raised to the merits, either by the exception pleading no cause of action, La.C.Civ.P. art. 927(4) (if such defense is affirmatively shown by the petition without resort to objected-to evidence, La.C.Civ.P. art. 931), or by answer so pleading it. See O'Meara v. Union Oil Co., 212 La. 745, 33 So.2d 506 (1947).
The defense may also be raised, as it was here, by the dilatory exception pleading prematurity, La.C.Civ.P. art. 926 (1), which is determined on the basis of the showing made at the in-limine trial of the exception, including evidence introduced at the trial thereof. La.C.Civ.P. arts. 929, 930. The functions of the exception permit raising the issue that the judicial cause of action has not come into existence because some prerequisite condition has not been fulfilled. I McMahon, Louisiana Practice 341-49 (1939).
When (as here) the issue is raised by the exception pleading prematurity, the defendant pleading the exception has the initial burden of showing that an administrative remedy is available, by reason of which the judicial action is premature. Upon such showing, the burden then shifts to the plaintiff to show or prove that the present is one of the exceptional situations where the plaintiff is entitled to judicial relief because any administrative remedy is irreparably inadequate. See O'Meara v. Union Oil Co., 212 La. 745, 33 So.2d 506, 510 (1947).

(2)
In the instant case, the court of appeal opinion recognized that, despite the failure *721 to exhaust administrative remedies, judicial proceedings may sometimes be used when irreparable injury might otherwise result. The court held that irreparable injury may here result from a competitor's use of illegal rates, since no administrative remedies cited to it were applicable or adequate.
The central substantive issue is whether the defendant title insurer is bound (as are the plaintiffs) by the rates filed by the title insurance rating bureau. La.R.S. 22:1406 C. The defendant insurer contends that, instead, it may charge the lower rates filed by it with the administrative agency, La.R.S. 22:1407, which rates allegedly became valid and authorized by law after the expiration of fifteen days, La.R.S. 22:1407 D.
The court of appeal overruled the exception pleading prematurity and held that, in the present circumstances, a judicial remedy might be necessary to prevent irreparable injury to the plaintiffs, to be determined at the trial on the merits. In doing so, our brethren of the court of appeal essentially held that the insurance code did not provide an administrative remedy to one aggrieved by an illegal rate colorably contended to be valid by operation of law.
Our intermediate brethren held that therefore no remedy for the present complaint is provided by La.R.S. 22:1408 D:
"Any person or organization aggrieved with respect to any filing which is in effect may make written application to the division for a hearing thereon * * *." (Italics ours.) (The statute further provides for expeditious hearing within thirty days of receipt of the application.[1])
The effect of the interpretation given is to permit the administrative remedy provided by the quoted section to be available only with regard to filings of rates which are validly "in effect", but to deprive the administrative agency of authority to determine complaints with regard to rate filings which are alleged to be invalid or illegal and therefore not "in effect".
We deem a more realistic and practical interpretation of this statute to be that it affords an administrative remedy to any person aggrieved by rates charged by virtue of the colorable effectiveness of a filing. That is, the statute provides a remedy for one adversely affected by a filing "in effect", in the common everyday sense of a filing that is in fact the basis of rates which are actually being charged.[2]
By our interpretation, the statutory provision affords an administrative remedy to any person aggrieved by a filing with adverse practical effects, whether or not the rating is technically valid or not. To hold otherwise, is to permit an administrative remedy only to one aggrieved by a valid filing and to deprive an aggrieved person of an administrative remedy by which to test the validity of a filing which affects him adversely.
The interpretation adopted by us provides an administrative remedy to anyone adversely affected by the practical effects of a rate-filing. It avoids a bifurcation of remedy, as either administrative or instead judicial, depending upon whether the complaint is based upon the adverse effects caused by a valid filing or instead based upon the adverse effects caused by an invalid filing. Our interpretation, we believe, is in better accord with the general legislative intent of entrusting to an administrative agency initial determinations with regard to regulation of insurance rate-making *722 and to disposition of disputes in connection therewith.

(3)
Thus, an administrative remedy is here provided by which the plaintiffs may contest the validity of the rate filed, an attack primarily based on the administrative procedures by which the defendant contends the filing became legally effective. On the basis of the contentions made and the evidence (documentary) received at the trial of the exception pleading prematurity, the administrative procedure is not shown to be inadequate.
Under these circumstances, we are unwilling to hold that a judicial claim for injunctive relief is necessarily available to enjoin an administrative action or rate alleged to be invalid or illegal. As we held in O'Meara v. Union Oil Co., 212 La. 745, 33 So.2d 506 (1947), disputes as to matters within the administrative regulation and expertise should ordinarily first be addressed for determination to the administrative tribunals legislatively intended to decide them, rather than to the courts. See also Davis, Administrative Law Treatise, Section 20.01 (1958), including 1970 supplement.
In view of the adequacy under present circumstances of the administrative relief available, we do not find it necessary to discuss or distinguish holdings such as in West v. Town of Winnsboro, 252 La. 605, 211 So.2d 665 (1968), which may support an interpretation that, when a plaintiff is threatened with irreparable loss, a requirement that administrative remedies be exhausted does not necessarily apply.

Decree
For the reasons assigned, therefore, we set aside the judgment of the court of appeal, and we affirm the judgment of the district court insofar as it dismissed the plaintiffs' suit upon sustaining the exception pleading prematurity. All costs of these proceedings are taxed against the plaintiffs-respondents.
COURT OF APPEAL JUDGMENT SET ASIDE AND PLAINTIFFS' SUIT DISMISSED.
NOTES
[1] We are unable to agree with the suggestion that this procedure is not adequate because no judicial remedy is provided for an administrative refusal to afford the expeditious hearing mandated by the statute. See La.C.Civ.P. arts. 3861-63.
[2] See Webster's Third New International Dictionary Unabridged, verbo "effect", p. 724: in "effect" means, in "reality", in "fact".