CURRAULT, Judge.
Suit was filed by Gertrude Taylor on June 24, 1981, against her employer, South Central Bell, for disability benefits due under a “group” policy of insurance. Defendant filed a motion for partial summary judgment alleging the plaintiff had failed to exhaust her administrative remedies before filing suit. The trial court maintained defendants’ motion and dismissed plaintiff’s suit. We affirm.
Defendant, South Central Bell Telephone Company, established a Plan for Employees’ Pensions, Disability Benefits and Death Benefits (hereinafter referred to as the Plan). The Plan is the only administrative vehicle through which employees can recover disability (group) benefits. The Plan is administered and maintained pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq.
The Plan provides a two-step process for the review of claims for benefits. First, after a claim has been filed, an initial review of the claim is made by the Plan’s Employees Benefit Committee. If the initial review is adverse to the claimant, the claimant must be notified in writing. Secondly, once notified, the claimant has sixty (60) days to file for appellate review with the Plan Review Committee. If a claimant has an adverse initial finding and fails to appeal, the initial finding becomes final at the expiration of the sixty (60) day period.
Plaintiff filed a claim for disability benefits with her employer through the Employees Benefit Committee. Her claim was denied by the Committee in its meeting of March 26, 1981. Plaintiff was notified of the denial on April 1, 1981, by receipt of a *529 letter dated March 26, 1981. The letter further informed her she had sixty (60) days in which to appeal the adverse decision of the Committee. Instead, prior to exhausting internal administrative remedies, plaintiff retained counsel and filed the instant suit seeking a judicial determination that she is entitled to receive disability benefits.
Plaintiff asserts that the trial court erred in granting defendant’s motion and argues plaintiff was never informed of the denial. However, the record discloses plaintiff signed a return receipt on April 1, 1981 for the denial letter dated March 26, 1981.
Plaintiffs counsel additionally argues that the defendant should have notified him as to the denial, since defendant was made aware of plaintiff’s representation. We are not aware of any duty imposed upon the defendant to inform plaintiff’s counsel of the denial, nor has this court been informed of such. According to the Plan, the Committee need only inform the employee of the claim denial.
Plaintiff further argues the Plan grants her the right to file suit if a request for materials is made upon the Committee and the Committee fails to comply within 30 days. This right to file suit is found in the Plan on page 6, and is as follows:
Under ERISA, there are steps you can take to enforce your various rights. For instance, if you request materials from the Pian and do not receive them within 80 days, you may file a suit in federal court.
Plaintiff’s counsel requested medical reports on February 11,1981. She contends that nothing was received within the allotted thirty days, not even a response pertaining to the request for medical reports. Thus, plaintiff argues the above quoted right was automatically triggered. However, the record contains a letter dated March 4, 1981, in which defendant notified plaintiff’s counsel that the request had been referred to defendant’s legal department.
It is well established that the failure to pursue and exhaust administrative remedies precludes judicial relief. Amato v. Bernard, 618 F.2d 559 (9th Cir.1980); Steeg v. Lawyers Title Insurance Corporation, 329 So.2d 719 (La.1976).
Whenever a genuine issue of material fact is presented to the court, summary judgment is inappropriate. LSA-C.C.P. art. 966. There is no question that plaintiff failed to exhaust her administrative remedies in that she filed suit prior to appealing the Benefit’s Committee’s adverse decision to the Benefit Review Committee within the allotted sixty days. The failure to exhaust administrative remedies is a substantive legal omission and precludes judicial relief.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.