United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 16, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 04-30085

MARYLYN MELDER; ANGINETTE WILLIAMS, wife of/and;
ROBERT WILLIAMS; TRINA MERRIDY; IRIS WILLIAMS, wife of/and;
ERIC WILLIAMS; LESLIE FAYE SANDERS; WILLIE J. NEAPOLLIOUN, JR.;
DIANA BARNES, wife of/and; EUGENE BARNES; KIMBERLY SANDERS,
wife of/and; DALE J. SANDERS; NICOLE LEWIS, wife of/and;
KENDALL LEWIS; GLORIA JACKSON, wife of/and; VINCENT JACKSON;
LAVERNE MCGILL; TAMICA CRYER, wife of/and; LIONEL CRYER;
LILLIE BUNCH, individually and on behalf of all
those individuals similarly situated,

Plaintiffs-Appellants,

versus

ALLSTATE CORP.; ALLSTATE INSURANCE CO.; ALLSTATE INDEMNITY CO.;
ALLSTATE LIFE INSURANCE CO.; STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO.; STATE OF LOUISIANA, through the Louisiana
Insurance Rating Commission,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana

Before BARKSDALE, GARZA, and DeMOSS, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

For this 28 U.S.C. § 1292(b) interlocutory appeal from a remand-denial, where diversity-jurisdiction removal was premised on claimed fraudulent joinder, at issue is whether there is any reasonable basis for predicting the non-diverse defendant could be liable under Louisiana law and, therefore, not fraudulently joined. (Our court now refers to "fraudulent joinder" as "improper joinder".

*See* **Smallwood v. Illinois Central Railroad Co.**, 385 F.3d 568 n.1 (5th Cir. 2004)(*en banc*).) **AFFIRMED and REMANDED.**

## I.

Plaintiffs, all Louisiana residents, individually and on behalf of a putative class of homeowner and automobile policyholders, filed this action in Louisiana state court, primarily claiming: non-resident defendants State Farm and Allstate violated Louisiana law and the Louisiana Constitution in setting insurance rates using credit-scoring formulas that had a discriminatory impact based on race and/or the economic condition of the area in which the property to be insured is located; and resident defendant Louisiana Insurance Rating Commission (LIRC) failed in its duty to regulate insurance rates by allowing State Farm and Allstate to use those formulas. Allstate and State Farm removed this action to federal court under 28 U.S.C. § 1441, claiming complete diversity pursuant to 28 U.S.C. § 1332 because the sole non-diverse defendant, LIRC, is improperly joined. Plaintiffs moved for remand to state court, claiming lack of subject matter jurisdiction. Following a hearing, the district court denied the motion, ruling Plaintiffs did not establish the requisite possibility of liability for LIRC.

## II.

For this 28 U.S.C. § 1292(b) appeal, we review *de novo* the remand-denial. *E.g.*, **S.W.S. Erectors, Inc. v. Infax, Inc.**, 72 F.3d 489, 492 (5th Cir. 1996). The removing party has the burden of

2

establishing improper joinder by showing: Plaintiffs' inability to establish a claim under state law against the non-diverse defendant; or actual fraud in pleading jurisdictional facts. *Smallwood*, 385 F.3d at 573 (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). Defendants do not claim the latter. Therefore, at issue is whether Defendants have established there is no reasonable basis Plaintiffs might be able to recover under Louisiana state law against the non-diverse defendant, LIRC. *See id.* (Contrary to the dissent, in making this determination for the claim against LIRC, we do *not* consider the Eleventh Amendment or questions of jurisdiction that do *not* bear on whether a claim can be established *under state law* against LIRC. Obviously, to do otherwise would fly in the face of the purpose, and controlling law, for not allowing improper joinder to defeat federal jurisdiction. *See* 28 U.S.C. § 1441(b) (removal permitted if "none of the parties in interest *properly joined* ... is a citizen of the State in which such action is brought"; emphasis added). As discussed below, only Allstate and State Farm were "properly joined".)

For this issue, two points bear on Plaintiffs' possible recovery: whether, as required, they exhausted their administrative remedies provided by the Louisiana Insurance Code; and whether LIRC is entitled to state law immunity for discretionary acts for the rate setting functions at issue here. (For the latter point, Plaintiffs assert that, even if LIRC is entitled to immunity on

3

damages, the immunity statute does not apply to claims for injunctive and declaratory relief. A review of the pleadings, however, reveals Plaintiffs did not request injunctive or declaratory relief against LIRC. In any event, for the reasons that follow, we need not decide whether LIRC is entitled to immunity. The failure-to-exhaust issue was properly raised (obviously, contrary to the dissent, it was *not* necessary to assert it pre-removal in state court) and is the most definite basis for determining improper joinder.)

"For reasons stated on the record", the district court relied on discretionary immunity in denying Plaintiffs' remand motion. ***Melder v. Allstate***, No. 03-2499 (E.D. La. 11 December 2003). Oral argument on the remand motion also included, *inter alia*, failure to exhaust administrative remedies. (Allstate also raised it in its Rule 12(b)(6) motion to dismiss.) Neither the district court's certification for interlocutory appeal nor our court's order granting it specify a controlling question. The failure to do so does not restrict the scope of our review, however, of the remand-denial order. For an appeal under 28 U.S.C. § 1292(b), we may "address any issue *fairly included* within the certified order because it is the *order* that is appealable, and not the controlling question identified by the district court". ***Yamaha Motor Corp., U.S.A. v. Calhoun***, 516 U.S. 199, 205 (1996)(internal quotation omitted)(first emphasis added; second emphasis in original).

4

Therefore, because exhaustion of administrative remedies was raised in district court and State Farm and Allstate presented the point in their briefs here, we may consider it.

The Louisiana Constitution vests the Louisiana Commissioner of Insurance with authority to regulate the business of insurance. LA. CONST. art. IV. Authority over insurance rates, regulations, and all other insurance matters is vested in the Department of Insurance under the Commissioner. *See* LA. REV. STAT. § 36:381 *et seq*. The Commissioner is charged with "protection of the public interest in the realm of insurance". ***Doerr v. Mobile Oil Corp.***, 774 So. 2d 119, 134 (La. 2000) (citing LA. CONST. art. IV; LA. REV. STAT. § 22:2).

The Louisiana Administrative Code provides a detailed administrative process through which parties may seek relief for violations of Louisiana insurance statutes and regulations. *See* LA. ADMIN. CODE tit. 37, § 1101 *et. seq*. The practice and procedure rules, for example, provide for a hearing before the Commissioner, following a written petition or complaint, § 1103; at the hearing, parties may be represented by counsel, present evidence, and examine witnesses, §§ 1125-1133; the Commissioner has the power to issue subpoenas to obtain witnesses or documentary evidence necessary for the hearing, § 1121; within 30 days following the hearing, the Commissioner is to enter a written decision and order, § 1139; and that decision is appealable to a designated state district court, § 1143. The Commissioner is also authorized, without petition or

application by any insured, to investigate and punish unfair practices in the business of insurance, including unfair discrimination in setting rates. LA. REV. STAT. § 22:1214(7)(b).

The Louisiana legislature established LIRC, which is under the control and direction of the Commissioner, who serves as its *ex officio* chairperson. § 22:1401. LIRC was created "to promote the public welfare by regulating insurance rates to the end that they shall not be excessive, inadequate or *unfairly* discriminatory". § 22:1402 (emphasis added). (Insurance rates are discriminatory, of course, through risk factors such as age and gender. For example, it is common knowledge that, in general, automobile insurance rates for teenaged boys are higher than for middle-aged women. Accordingly, the statute mandates rates not being *unfairly* discriminatory.) Rates include the premium to be charged, including any related fees, or the elements and factors forming the basis for the determination of the premium. § 22:1404.

Insurers are required to file insurance rates with LIRC; it reviews them to determine whether they are reasonable and not unfairly discriminatory. *Id.* Insurers are prohibited from charging a rate other than one approved by the LIRC. § 22:1406(a). An insured may challenge a rate applicable to his home or automobile by filing a written complaint with the LIRC, requesting a hearing. § 22:1408(D). Further, consistent with the earlier description of the Commissioner's authority, the Commissioner may investigate rates

at any time; his authority is not "circumscribed and limited to functions which do not affect rates. Rates are the function and concern of both the [LIRC] and the commissioner". *Employees-Commercial Union Ins. v. Bernard*, 303 So. 2d 728, 732-33 (La. 1974).

Plaintiffs allege they were charged automobile and homeowners insurance rates based on a formula that has a discriminatory impact. They assert that, because the formula includes credit scoring information, it has a discriminatory impact on the basis of race and/or the economic condition of the area in which the property to be insured is located. Because these allegations involve rate-setting, they are within the area LIRC was created to regulate. The record does not reflect that Plaintiffs have filed a complaint with either the Commissioner or the LIRC. Citing the Louisiana Insurance Code, Louisiana Administrative Procedures Act, and case law, State Farm and Allstate contend: Louisiana provides an adequate administrative remedy; and, because Plaintiffs' claims relate to rate-making, they cannot seek judicial relief until after they have exhausted their administrative remedies. Plaintiffs do not respond to the exhaustion issue, except to claim erroneously it is not properly before us.

*Steeg v. Lawyers Title Insurance Corporation*, 329 So. 2d 719, 722 (La. 1976), provides that "disputes as to matters within the administrative regulation and expertise should ordinarily first be

addressed for determination to the administrative tribunals legislatively intended to decide them rather than to the courts". *Steeg* concerned a challenge to rates charged by a title insurance company. Because the administrative remedies were not shown to be inadequate, and plaintiffs failed to exhaust them, their complaint was dismissed. *Id.* The *Steeg* court was "unwilling to hold that a judicial claim ... is necessarily available ... [when] an administrative action or rate [is] alleged to be invalid or illegal" and an adequate administrative remedy is available. *Id.* Here, as in *Steeg*, Plaintiffs have an adequate administrative remedy for addressing insurance-rate grievances. As discussed, the Louisiana Administrative Code provides a detailed procedure for petitioning the Commissioner for review of alleged violations of rate-making regulations and for judicial review of the Commissioner's decision. LIRC, under the direction of the Commissioner, is charged with responsibility for preventing, and is uniquely qualified to regulate, unfair trade practices in rate making, including unfair discrimination in setting rates. LA. REV. STAT. § 22:1214; *see also*, *Employees-Commercial Union Ins.*, 303 So. 2d at 733.

Given this administrative remedy, Plaintiffs must exhaust it before seeking judicial review. *Steeg*, 329 So. 2d at 722; LA. ADMIN. CODE tit. 37, § 1143. Requiring Plaintiffs to do so does not permanently deprive them of judicial review of LIRC's or the Commissioner's decisions. Rather, it allows the administrative

8

agency statutorily authorized, and best equipped, to address Plaintiffs' claims to do so before a court exercises jurisdiction.

Because they have not exhausted the adequate administrative remedies provided by Louisiana law, there is no reasonable basis Plaintiffs might be able to recover in this action against the sole non-diverse defendant, LIRC. Therefore, LIRC is improperly joined; and, accordingly, the remand motion was properly denied.

## III.

For the foregoing reasons, the remand-denial is **AFFIRMED;** and this matter is **REMANDED** to district court for further proceedings consistent with this opinion.

*AFFIRMED and REMANDED*

ENDRECORD

9

DeMOSS, Circuit Judge, dissenting:

The primary question before this Court is whether, looking at Plaintiffs' petition in state court, original federal jurisdiction exists to permit removal of this action. Then, only if this primary question is answered in the affirmative should the Court reach the question whether any reasonable basis exists for predicting that LIRC could be liable to Plaintiffs under Louisiana law, such that LIRC is improperly joined, federal removal diversity jurisdiction exists, and the district court's opinion affirmed. *See Smallwood*, 385 F.3d at 573. I respectfully dissent because the majority relies upon a narrow question of administrative exhaustion, not evident from the pleadings in state court and not fully presented to or considered by the district court.[1] In so doing, the majority fails to address the fundamental problem in this matter, that is, whether the original federal jurisdiction that permits removal exists at all.

---

[1]The majority opinion does not cite (and my research has not found) any prior published case in which this Circuit ruled that a party was improperly joined to prevent diversity removal jurisdiction on the grounds that the plaintiff failed to exhaust administrative remedies against that party. The failure to exhaust administrative remedies is a matter which either LIRC, for the State of Louisiana, or the Defendant insurers could have appropriately raised in the state court prior to removal; and if either of them had so moved and the state court had granted such motion, the proceedings in state court would have been dismissed or stayed pending exhaustion of administrative remedies. But none of these Defendants made any such assertion in state court. The remedy which I propose in this dissent would, of course, remand the matter to the state court and permit the Defendants to assert this contention in state court – the jurisdictional tribunal best informed and experienced to apply the Louisiana law of exhaustion of administrative remedies.

Then, having more correctly framed the question before us, my analysis reaches a result different from that of the district court and the majority. I find the district court should have remanded the cause, under 28 U.S.C. § 1447(c), on the basis that it was never initially removable under 28 U.S.C. § 1332 and because of the Eleventh Amendment's bar to federal jurisdiction. The district court's order should accordingly, in my view, be reversed, with instructions to remand the cause to the courts of Louisiana.

I.

On July 1, 2003, Plaintiffs sued the "State of Louisiana through the Louisiana Insurance Rating Commission,"[2] as well as Defendant insurers, Allstate and State Farm. Plaintiffs alleged violations of state law only and sought declaratory judgment, injunctive relief, and damages. Plaintiffs complained the Defendant insurers used an undisclosed formula to discriminate against them and others similarly situated on the basis of race or the economic condition of the area in which the property sought to be insured is located. Plaintiffs complained that LIRC failed in its statutory duties and, in doing so, contributed to the disparate impact of the insurers' practices.

All Defendants were served. The Defendant insurers alone removed the action on September 3, 2003, to the Eastern District of Louisiana under 28 U.S.C. § 1332, claiming that diversity

_____

[2]Plaintiffs' petition filed in state court so named the first Defendant. For brevity, I refer to this defendant as LIRC.

11

jurisdiction exists because non-diverse Defendant LIRC was improperly joined. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993), *cert. denied*, 510 U.S. 868 (1993). Prior to this removal, LIRC had filed no pleadings of any kind in state court. LIRC did not join in the removal, but appeared in district court upon removal. Plaintiffs filed a motion to remand in the district court, arguing that LIRC's joinder was proper and that federal courts lacked jurisdiction to hear their claim.

Pending before the district court at the time it took up the motion to remand were additional Rule 12 motions, including LIRC's motion to challenge venue and LIRC's motions to dismiss for failure to state a claim and for lack of jurisdiction. In the motion regarding venue, LIRC agreed with Plaintiffs that the federal courts lacked jurisdiction over the complaint and argued that the only proper venue was the East Baton Rouge Parish state court because that was the location of the performance of the state agency's ministerial duties, the actions challenged by Plaintiffs' complaint. *See* LA. REV. STAT. ANN. § 13:5104(A). Under Rule 12, LIRC challenged: (1) the district court's jurisdiction to hear Plaintiffs' claim on the basis of Eleventh Amendment sovereign immunity;[3] and (2) Plaintiffs' ability to state their claim, on the ground that

---

[3]"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI.

12

Louisiana statutory immunity for discretionary functions precluded LIRC's liability, *see* LA. REV. STAT. ANN. § 9:2798.1.[4]  But the district court did not rule on these pending motions, even though it noted that "LIRC will never be in federal court because of the Eleventh Amendment."

At the hearing on December 10, 2003, the court took up the motion to remand and argument of improper joinder.  No written order issued after this hearing.  Instead, the district court ruled orally from the bench, finding LIRC improperly joined because, due to Louisiana statutory immunity, no reasonable basis existed for predicting that Plaintiffs could recover against LIRC.  For that precise reason, the court denied the motion to remand.  Then, the

---

[4]Entitled "Policymaking or discretionary acts or omissions of public entities or their officers or employees," section 9:2798.1 provides in relevant part:

> B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties.
>
> C. The provisions of Subsection B of this Section are not applicable:
>
> (1) To acts or omissions which are not reasonably related to the legitimate governmental objective for which the policymaking or discretionary power exists; or
>
> (2) To acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct.

LA. REV. STAT. ANN. § 9:2798.1 (B)-(C).

court indicated its inclination to grant a request for interlocutory appeal on the ruling.[5]  Accordingly, Plaintiffs appealed, arguing the district court erred in ruling that no reasonable basis existed for predicting that Plaintiffs could recover against LIRC on their complaint.

## II.

This case presents a problem of federal subject matter jurisdiction that, although not addressed by the majority, must be considered. *See Ziegler v. Champion Mortgage Co.*, 913 F.2d 228, 229 (5th Cir. 1990).  Plaintiffs' complaint filed in state court alleged only state law claims and included as Defendant, "the State of Louisiana through [LIRC]," one of its agencies.

The law is settled that "[i]n an action where a state is a party, there can be no federal jurisdiction on the basis of diversity of citizenship because a state is not a citizen for purposes of diversity jurisdiction." *Texas Dep't of Hous. and Cmty. Affairs v. Verex Assurance, Inc.*, 68 F.3d 922, 926 (5th Cir. 1995); *see also Tradigrain, Inc. v. Mississippi State Port Auth.*, 701 F.2d 1131, 1132 (5th Cir. 1983); *Batton v. Georgia Gulf*, 261 F. Supp. 2d 575, 593-96 (M.D. La. 2003) (Dalby, M.J.). Thus, where, as here, the absence of a federal question is undisputed and the state is joined

---

[5]The record does not precisely define the question as to which interlocutory appeal was requested or granted by the court or accepted by this Court, but Plaintiffs' motion requesting the certification relies upon the issue of Louisiana statutory immunity.

14

as a defendant, the only possible ground for removal is the improper joinder of LIRC that, once corrected, creates diversity jurisdiction. *See Verex*, 68 F.3d at 926. This district court so determined, but without considering that removal was precluded.

In my view, the fundamental question of original jurisdiction, as the basis for removal, ought to be resolved first by district courts. Then, and only if the case were initially removable under 28 U.S.C. § 1441, should the district courts reach the question of the propriety of joinder. This approach has the benefit of requiring the district courts to first address the limits of their Article III jurisdiction prior to passing on questions that require the court to consider the potential merits of a claim, as is required under our current framework for consideration of improper joinder. *See Smallwood*, 385 F.3d at 573. Even if it cannot be said that Article III jurisdiction is always an antecedent question to any other judicial review, the federal courts should issue rulings in an order that best prevents reaching substantive questions when jurisdiction is in doubt. *Steel Co. v. Citizens For A Better Env't*, 523 U.S. 83, 101 (1998). "Much more than legal niceties are at stake here. The statutory and (especially) constitutional elements of jurisdiction are an essential ingredient of separation and equilibration of powers, restraining the courts from acting at certain times. . . ." *Id*. (citations omitted).

15

Consideration of removal jurisdiction requires, by the terms of the governing statute, consideration of original jurisdiction. *See* 28 U.S.C. § 1441(a) (permitting removal of civil actions over which the United States district courts "have original jurisdiction"). In this case, the district courts of the United States would not have had original jurisdiction for two reasons.

First, original jurisdiction is lacking because the State of Louisiana, not a citizen, was named as a defendant. Therefore, no diversity jurisdiction is possible. 28 U.S.C. § 1332(a)(1); *Moor v. County of Alameda*, 411 U.S. 693, 717 (1973); *Tradigrain*, 701 F.2d at 1132. The first requirement under the removal statute is that there be a "civil action . . . of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "The existence of subject-matter jurisdiction over an action is a prerequisite to its removal to federal court." *Bromwell v. Michigan Mut. Ins. Co.*, 115 F.3d 208, 212 (3d Cir. 1997) (citing 28 U.S.C. § 1441). Thus, under the express language of § 1441(a), removal to the federal courts was barred in this action, and the district court should have remanded the cause upon initial review of Plaintiffs' complaint.

Even if we ignore that here Plaintiffs named the State of Louisiana as Defendant, and look instead to LIRC, the agency through which they claim against the state, diversity jurisdiction still fails to obtain. There can be no diversity jurisdiction where suit

16

is brought against a state agency that is merely an alter ego of the state. *Tradigrain*, 701 F.2d 1132. Under our Circuit's law, the determination of whether an agency is an alter ego of the state or is a citizen of the state requires analysis, under the governing state's law, of factors that indicate the character of the particular agency. *Verex*, 68 F.3d at 926 (quoting *Tradigrain*, 701 F.2d at 1132-33). Among other factors, the court should consider primarily "whether the state is the real party in interest in the lawsuit." *Tradigrain*, 701 F.2d at 1132. Virtually identical to the analysis required for a determination of Eleventh Amendment immunity, this determination requires a court to consider the agency's powers and characteristics as defined by state law. *Id*.

Because I find that removal was precluded based upon the inclusion of the State of Louisiana, there is no need to engage in the analysis of whether LIRC is more akin to the sovereign or to a citizen of the state. But, I note that under Louisiana law LIRC should be viewed as an alter ego of the state, and thus not a citizen for diversity purposes. LIRC is a creation of statute, comprising seven members: the commissioner of insurance and six additional members appointed by the governor. LA. REV. STAT. ANN. § 22:1401(A). LIRC's purpose is statewide: "to promote the public welfare by regulating insurance rates." *Id*. § 22:1402. LIRC is subject to Louisiana's Department of Insurance, *id*. § 36:686(C)(1),

17

and while it has certain, express policymaking powers, its "functions and activities" are subject to the state's insurance department. *Id*. § 22:1401(E). An agency that retains the ability to make hiring decisions and other "generally recognized corporate powers" is a citizen for purposes of diversity. *Tradigrain*, 701 F.2d at 1132 (citation omitted). But in this case, the Louisiana legislature did not give this power to LIRC, and instead vests such powers in the state's insurance department. LA. REV. STAT. ANN. § 22:1401(E). Both the commissioner and the Department of Insurance are provided immunity from liability by the Louisiana legislature. *Id*. § 22:2036.11. This retention of immunity, in combination with the statutory provisions for LIRC's powers and functioning, weighs strongly in favor of considering LIRC, a division of the Department and an arm of the state, rather than a separate citizen. Finally, LIRC's powers and characteristics differ significantly from the agency deemed a citizen of Texas in *Verex*. There, the agency enjoyed authority to hold and use property, to sue and be sued in its corporate name, to enter contracts, and to make its own hiring decisions. *Verex*, 68 F.3d at 928. The Texas agency also bore responsibility, separate from the state, for its own debts. *Id*. Here, Louisiana has not granted such generalized corporate powers to LIRC, and thus LIRC's status is better characterized as an alter ego of the state, rather than a citizen thereof. But on this

record, the question need not be definitively resolved, given that the sovereign itself is a named Defendant.

Secondly, the federal courts' original jurisdiction over Plaintiffs' cause here is barred because, under the Eleventh Amendment and absent certain exceptions not relevant here,[6] a federal district court may not have original jurisdiction of "any suit in law or equity, commenced or prosecuted against one of the United States," by citizens of the same state.[7]  U.S. CONST. amend. XI; *Higgins v. Mississippi*, 217 F.3d 951, 954 (7th Cir. 2000) (distinguishing the Supreme Court's treatment of an Eleventh Amendment defense as a personal jurisdiction bar in *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 388-89 (1998), and instead concluding that courts may raise *sua sponte* an Eleventh Amendment defense, thereby acknowledging, at a minimum, the subject matter jurisdiction element of the Eleventh Amendment's bar).

Note that the Eleventh Amendment's language prohibits "commencement" or "prosecution" of such a suit and does not contain

---

[6]Recognized exceptions to sovereign immunity include: a state's waiver of sovereign immunity, *see Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 267 (1997); suits for declaratory and injunctive relief against state officials in their individual capacities, *see Ex parte Young*, 209 U.S. 123 (1908); or congressional abrogation of immunity under § 5 of the Fourteenth Amendment, *see Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976).

[7]*See Fed. Mar. Comm'n v. South Carolina State Ports Auth.*, 535 U.S. 743, 777 (2002) (Breyer, J. dissenting) (reading "Citizens of another State" as if it also said "citizen of the same State") (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)).

19

any provision about the state being a "proper party for joinder" nor any language that asks whether any recovery can ultimately be made against the state. The prohibition is blanket. If Plaintiffs here had filed the same complaint in federal district court that they filed in state court, their complaint in federal court would have been dismissed under the Eleventh Amendment. Here, LIRC raised the Eleventh Amendment bar to federal jurisdiction, on the first occasion possible, when it moved for Rule 12 dismissal in federal court after the removal precipitated by the insurance defendants. There is absolutely nothing in Plaintiffs' petition as filed in state court that raises a claim under the U.S. Constitution, treatises, or statutes that would have permitted the suit in federal court under 28 U.S.C. § 1331's provision for federal question jurisdiction. While I recognize that the statute under which cases may be removed from state court to federal court, 28 U.S.C. § 1441(b), is not coterminous with the statute defining original diversity jurisdiction, 28 U.S.C. § 1332, nothing in the removal statute permits the removal of a suit filed in a state court by a citizen of that state against that same state or an agency thereof.

Because of the primary requirement that removal is conditioned upon original jurisdiction, it is my view that the Eleventh Amendment, in addition to a lack of diversity jurisdiction due to the state's inclusion as a party, renders Plaintiffs' suit here non-removable on its face as lacking original federal jurisdiction

20

without any further inquiry as to the propriety of joinder of the state defendant or the potential for ultimate recovery. I appreciate that this approach requires the district court to first address original jurisdiction, before reaching the question of improper joinder. But that is precisely what the language of the removal statute requires, and on this record — where the state is named as a Defendant and the state has moved for dismissal under the Eleventh Amendment — it is more prudent to resolve the possibility that the federal courts entirely lack jurisdiction, thus precluding removal, before reaching the possible merits of Plaintiffs' claims under our improper joinder analysis.

Consequently, in my judgment, when the removal petition appeared in federal district court, the court should have promptly entered a remand order because it did not have original jurisdiction of the complaint as filed in state court. There is nothing in the removal statute to permit the commencement or prosecution of such suit against the State of Louisiana in the federal district court. As I indicated earlier, LIRC asserted this lack of federal jurisdiction in its first filing in the federal district court after removal. This process of requiring the district courts, on such a record, to first address original jurisdiction before reaching the question of improper joinder enjoys the advantage of better tracking the language of § 1441(a) and of requiring courts to examine fundamental jurisdictional questions before reaching merits-based review.

For these reasons, I respectfully dissent.