VICTORY, J.,
concurring.
|TThe court of appeal held that the indemnity claims were premature because the defendants had not yet been cast in judgment and supplied an exception of no cause of action based on prematurity to dismiss the indemnity claims without prejudice. The per curiam holds that there is no exception of no cause of action based on prematurity and that such exception can only be raised by a dilatory exception, which cannot be supplied by the court.
In Steeg v. Lawyers Title Ins. Corp., 329 So.2d 719 (La.1976), this Court held that the objection of prematurity may be raised not only by a dilatory exception, but also by an exception of no cause of action or as a defense in the answer. Steeg involved an objection of prematurity based on failure to exhaust administrative remedies and the objection was raised by a dilatory exception. However, the Court could not have been clearer in stating:
The defense that the plaintiff is not entitled to judicial relief because he has not exhausted his administrative remedies, may be raised to the merits, either by the exception pleading no cause of action, La. [2C.C.P. art. 927(4) (if such defense is affirmatively show by the petition without resort to objected-to evidence, La. C.C.P. art. 931), or by answer so pleading it. See O’Meara v. Union Oil Co., 212 La. 745, 33 So.2d 506 (1947).
The defense may also be raised, as it was here, by the dilatory exception pleading prematurity, La. C.C.P. art. 926(1), which is determined on the basis of the showing made at the in-limine trial of the exception, including evidence introduced at the trial thereof. La. C.C.P. art. 929, 930. The functions of the exception permit raising the issue that the judicial cause of action has not come into existence because some prerequisite condition has not been fulfilled. I McMahon, Louisiana Practice 341-49 (1939).
329 So.2d at 720.
Professor Maraist’s Civil Law Treatise discusses the exception based on prematurity in his sections dealing with the dilatory exception and the peremptory exception of no cause of action, and relies on Steeg as authority that the exception of prematurity can be raised by either. Frank L. Maraist, Louisiana Civil Law Treatise: Civil Procedure, Vol. I, § 6.6, p. 160, n. 26 (2d ed.2008). Professor Maraist states that “[I]n Steeg ..., the court noted that the objection of prematurity may be raised not only by a dilatory exception, but also by an exception of no cause of action or as a defense in the answer.” Id. Later, after stating that “[t]he exception of no cause of action must be distinguished” from certain dilatory exceptions, he cites Steeg as authority that some exceptions, namely the exception of prematurity, “may be urged through both exceptions.” Id., § 6.7, p. 170, n. 40.[1] Based on the above, it *708 seems the Ip,per curiam’s holding that the court of appeal “fashioned a new exception, which it called the exception of ‘no cause of action on the basis of prematurity’,” is not correct, and at the very least is too broad. As per Professor Maraist’s discussion in the above footnote, this Court has stated that the exception of prematurity can be raised by either exception, although the Court has not taken a stand on whether certain types of prematurity arguments can only be raised by certain types of exceptions, i.e., where the defendant has failed to take some preliminary step necessary to make the case ripe for judicial involvement. However, the statement made in Steeg was technically dicta, as the exception there was raised as a dilatory exception.
In my view, the Court should address the primary, and much clearer, issue, which is whether a third party indemnity claim is premature when the defendant has not yet been cast in judgment. The court of appeal found that such a claim is premature. However, a clear reading of La. C.C.P. arts. 1111-1116 demands that the third party demand is not premature. For example, La. C.C.P. art. 1111 states that a “defendant in a principal action by petition may bring in any person, including a Lcodefendant, who is his warrantor, or who is or may be liable to him for all or part of the principal demand” La. C.C.P. arts. 1112 and 1116 provides the same right to defendants in reconvention and third party defendants. Most significantly, La. C.C.P. art. 1113 provides harsh consequences for a defendant who fails to bring in such a third party defendant:
A defendant who does not bring in as a third party defendant a person who is liable to him for all or part of the principal demand does not on that account *709 lose his right or cause of action against such person, unless the latter proves that he had means of defeating the action which were not used, because the defendant either failed to bring him in as a third party defendant, or neglected to appraise him that the suit had been brought.
Similarly, La. C.C.P. art. 1091 allows “a third party having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties ...” An important reason for allowing a third party claim for indemnity to be filed before the defendant is cast in judgment is because if the third party is not permitted to participate in the trial on the principal demand, it may be forced to indemnify the main defendant for a large judgment it could have otherwise averted.
For the above reasons, I concur in the result.

. Most of the discussion centers around two different grounds for prematurity-one in which the obligation exists but for which the time for performance has not yet arrived, and the other in which the obligation has not yet come into existence-and whether one type must be raised by dilatory exception. Id. at *708 pp. 157-161. Professor Maraist makes the following observations:
Both objections concern the substance of the underlying obligation, rather than the absence of a preliminary step in the enforcement process such as the exhaustion of administrative remedies. In the latter case, use of the dilatory exception is clearly appropriate, because the purpose of a dilatory exception is to delay, and not to defeat, the action. In the former case, however, it seems more appropriate that the objection of prematurity should be raised by the peremptory exception of no cause of action (whose function is to defeat the action), an exception which may be raised at any time, or as a defense on the merits.
Perhaps the mandatory use of the dilatory exception to raise an objection of prematurity should be reserved for those cases in which the obligation and the right to enforce the obligation has come into existence, but the plaintiff has failed to take a necessary preliminary step; however, when either a condition or a term is not fulfilled, the cause of action is not fully formed, and the this type of literal "prematurity” should be addressed through the peremptory exception of no cause of action or on the merits. The Supreme Court has not ruled on the issue precisely [noting Steeg's holding that the exception based on prematurity can be raised by either exception], but the jurisprudence has developed the following examples of the proper use of the dilatory exception of prematurity: when the plaintiff has failed to exhaust administrative remedies, when the plaintiff is obligated to arbitrate, when the plaintiff has failed to tender a thing to the seller for repair in a redhibition action, when the plaintiff has failed to place the defendant in default when a placing in default is necessary, or when the plaintiff has failed to obtain a decision of a medical review panel before filing a malpractice suit against a qualified health care provider. In these types of cases, the exception does not challenge or attempt to defeat any of the elements of the plaintiff's cause of action or of the underlying obligation. Rather, the defendant asserts that the plaintiff has failed to take some preliminary step necessary to make the controversy ripe for judicial involvement, and waiver of the objection is appropriate if the defendant fails to file a timely dilatory exception.
Id. atpp. 159-161.