GRAVOIS, J.
Appellants/defendants, the Grand Lodge of the State of Louisiana (the "Grand Lodge"),[1] its Grand Master, Guy Jenkins, and its Deputy Grand Master, Martin Reinschmidt, appeal a trial court's judgment that denied their dilatory exception of prematurity and granted the petition for injunctive relief and declaratory judgment filed by appellees/plaintiffs, three members of the Grand Lodge. For the reasons that follow, we reverse the trial court's denial of defendants' exception of prematurity, vacate the trial court's grant of plaintiffs' petition for injunctive relief and declaratory judgment, grant defendants' exception of prematurity, and dismiss plaintiffs' petition without prejudice.
FACTS AND PROCEDURAL HISTORY
On June 12, 2018, Frank Du Treil, Jason C. Bruzik, and Wesley Cognevich,[2] members of the Grand Lodge, filed a petition for injunctive relief and declaratory judgment against Guy Jenkins, the Grand Master of the Grand Lodge; Martin Reinschmidt, the Deputy Grand Master of the Grand Lodge; and the Grand Lodge. According to the petition, by letters dated May 9, 2018, the Grand Lodge "threatened" plaintiffs' memberships in the organization. Thereafter, Mr. Du Treil and Mr. Bruzik were allegedly suspended by act of the Grand Master without adherence to the procedures set out in Article VII of the General Regulations entitled "Trials, Punishments and Appeals" found in the "Handbook of Masonic Law" ("HOML"), which breached an alleged contract between the parties. Plaintiffs sought a temporary restraining order and preliminary and permanent injunctions: 1) requiring that their memberships be returned and/or preserved until the procedures of Article *978 VII of the HOML could be followed; 2) ensuring they could speak at the upcoming annual Grand Lodge Communication; and 3) ensuring that all resolutions submitted to the Membership would be considered. On June 12, 2018, the temporary restraining order as requested by plaintiffs was granted.
On June 15, 2018, defendants filed a dilatory exception of prematurity, asserting that a member of a corporation or association must exhaust all internal remedies available to members before an action can be filed in a court of law. In their exception, defendants contended that there are two ways that a member/mason can be suspended from the association: by trial brought in the subject mason's local lodge, pursuant to Article VII of the HOML, or by suspension by the Grand Master pursuant to Article IV of the HOML. Defendants asserted that plaintiffs were properly suspended by the Grand Master pursuant to Section 2 of Article IV of the HOML. Defendants argued that under that Section, plaintiffs still had the right to present evidence and testimony as to their innocence before the Grand Lodge's Appeals and Grievances Committee. Then, if necessary, the voting delegates at the next Grand Lodge Communication would determine by a two-thirds vote as to whether or not plaintiffs should remain suspended.
A hearing on plaintiffs' request for a preliminary injunction and a declaratory judgment and defendants' exception of prematurity was conducted before the trial court on June 26, 2018.[3] Following the hearing, the trial court denied the exception of prematurity, finding that defendants breached their contract with plaintiffs when defendants suspended plaintiffs without following proper procedures, and therefore, the case was ripe for presentation to the court. The trial court then granted plaintiffs' petition for injunctive relief and declaratory judgment insofar as defendants "shall not prohibit [Mr.] Bruzik and [Mr.] Du Treil's full and complete participation and unrestricted access to the annual Grand Lodge meeting of June 28, 2018, in accordance with the rules of order and procedures of the Grand Lodge." As to Mr. Cognevich, the trial court found that since he was not suspended, he would be allowed the same complete and unrestricted participation in the upcoming Grand Lodge meeting. Finally, the trial court found that any further action against Mr. Bruzik and Mr. Du Treil must be taken under the provisions of Article VII (rather than Article IV) of the HOML.[4] This suspensive appeal followed.
*979 On appeal, defendants assert the following assignments of error:
1. The trial court erred as a matter of law in denying defendants' dilatory exception of prematurity.
2. The trial court erred as a matter of law by not interpreting and applying provisions of the HOML as written and consistently construed by the Grand Lodge according to Masonic custom and usage.
3. The trial court erred as a matter of law in granting a declaratory judgment because that judgment was predicated upon the trial court's erroneous construction of the HOML.
4. The trial court erred as a matter of law in granting injunctive relief because plaintiffs did not prove any judicially cognizable harm, injury, or damage warranted such relief.
ANALYSIS
In their first assignment of error, defendants argue that the trial court erred in denying their dilatory exception of prematurity.
An action is premature when it is brought before the right to enforce it has accrued. Williamson v. Hosp. Serv. Dist. No. 1 , 04-0451 (La. 12/1/04), 888 So.2d 782, 785, citing La. C.C.P. art. 423. The dilatory exception of prematurity questions whether a cause of action has matured to the point where it is ripe for judicial determination. LaCoste v. Pendleton Methodist Hosp., L.L.C. , 07-0008 (La. 9/5/07), 966 So.2d 519, 523 ; Williamson , supra ; Spradlin v. Acadia-St. Landry Med. Found. , 98-1977 (La. 2/29/00), 758 So.2d 116, 119.
Where membership in an organization is involved, and an administrative remedy is afforded to give the affected party a hearing consistent with due process of law, exhaustion of administrative remedies is a precondition to resort to the courts. Brickman v. Bd. of Dirs. of W. Jefferson Gen. Hosp. , 372 So.2d 701, 704 (La. App. 4th Cir. 1979), writ denied , 374 So.2d 659 (La. 1979).
Prematurity is determined by the facts existing at the time a suit is filed. Sevier v. U.S. Fidelity & Guar. Co. , 497 So.2d 1380, 1382 (La. 1986). The defendant pleading the exception of prematurity has the initial burden of showing that an administrative remedy is available, by reason of which the judicial action is premature. Steeg v. Lawyers Title Ins. Corp. , 329 So.2d 719, 720 (La. 1976). Upon such showing, the burden then shifts to the plaintiff to show or prove that the present action is one of the exceptional situations where the plaintiff is entitled to judicial relief because any administrative remedy is irreparably inadequate. Id. On the trial of the dilatory exception, evidence may be introduced to support or controvert any of the objections pleaded when the grounds thereof do not appear from the petition. La. C.C.P. art. 930.
When the determination of whether an exception of prematurity should have been granted involves a question of law, then the appellate court must determine whether the trial court was legally correct or incorrect. Crooks v. Louisiana Pac. Corp. , 14-724 (La. App. 3 Cir. 12/10/14), 155 So.3d 686, 688. Because this ruling is based upon the interpretation of an administrative rule, it will be subject to a de novo standard of review on appeal. See Bossier v. Garber , 17-349, 2018 WL 6816975, *2 (La. App. 3 Cir. 12/28/18), 263 So.3d 576, 579-80.
*980 Defendants argue that Mr. Du Treil and Mr. Bruzik were suspended pursuant to Section 2 of Article IV of the HOML. Defendants contend that plaintiffs had not exhausted all available remedies pursuant to this Article when they filed their suit on June 12, 2018. At the time plaintiffs filed their suit, plaintiffs' trial in the Grand Lodge was scheduled and pending to be heard before the Committee on Appeals and Grievances' meeting and the Grand Lodge's Annual Communication on June 28-30, 2018. Further, even after adjudication, defendants argue that plaintiffs still had the opportunity to petition the Grand Lodge for reinstatement under the Edict on Reinstatement.
In response, plaintiffs argue that pursuant to Article VII of the HOML, members of the Grand Lodge must be tried in their own lodge, and thus plaintiffs were denied this due process.
Article IV of the HOML, entitled "Trials and Punishments in Grand Lodge" provides in its entirety:
Section 1.
a. Should any brother, whose trial for offenses exclusively belongs to the Grand Lodge (Article VII Section 1, b, ( 4) of the General Regulations) have charges preferred against him, the Grand Master shall, if in his opinion the charges are of grave character, suspend the brother from the exercise of the duties of his office until the next annual Grand Communication when, on proof of the act for which the order of suspension was made, the Grand Lodge may inflict such Masonic punishment, or make such decree as two-thirds of those present shall deem the case to require.
b. In every instance in which the Grand Master has seen fit to suspend a brother, the Grand Master and/or his designee(s) may serve as Trial Commission, with full authority to issue summons, conduct hearings, and perpetuate evidence for consideration and/or review by the Committee and Appeals and Grievances for recommendation to the Grand Lodge for action in due course.
Section 2.
Should any Lodge of this jurisdiction, or brother, or number of brethren at any time renounce their allegiance to this Grand Lodge, or openly resist the Constitution, Regulations or Edicts of this Grand Lodge, the Grand Master shall, during the recess of the Grand Lodge, suspend such Lodge, brother or brethren from all their Masonic rights and privileges until the next Annual Grand Communication when, on proof of the act for which the order of suspension was made, the Grand Lodge may inflict such Masonic punishment, or make such decree as two-thirds of those present shall deem the case to require.
If proper evidence and proof of the act for which the order of suspension was made is not presented to the Grand Lodge in open session or if some definite degree of punishment is not decreed by two-thirds majority vote of those present, the suspension shall be lifted immediately upon the closing of the Grand Communication which reviewed or failed to review the case, and the Lodge, brother or brethren shall be restored to membership as of the date of such suspension.
Section 3.
All acts of the Grand Master under Article IV are automatically referred to the committee on Appeals and Grievances for their review and recommendation to the Grand Lodge for final action.
Under Section 1 of Article IV, the Grand Master can suspend certain parties-"any brother, whose trial for offenses exclusively belongs to the Grand Lodge (Article *981 VII, Section 1, b, (4) of the General Regulations.)"[5] -who have charges preferred against them. Separately and unrelated to Section 1, under Section 2 of Article IV, "the Grand Master shall, during the recess of the Grand Lodge, suspend such ... brother ... from all [his] Masonic rights and privileges until the next Annual Grand Communication" if he "at any time renounce[s] [his] allegiance to th[e] Grand Lodge, or openly resist[s] the Constitution, Regulations or Edicts of th[e] Grand Lodge."
Section 2 of Article IV further provides that the party shall be suspended "until the next Annual Grand Communication when, on proof of the act for which the order of suspension was made, the Grand Lodge may inflict such Masonic punishment, or make such decree as two-thirds of those present shall deem the case to require." Also, Section 2 provides that "[i]f proper evidence and proof of the act for which the order of suspension was made is not presented to the Grand Lodge in open session or if some definite degree of punishment is not decreed by two-thirds majority vote of those present, the suspension shall be lifted immediately upon the closing of the Grand Communication which reviewed or failed to review the case, and the ... brother ... shall be restored to membership as of the date of such suspension." Finally, Section 3 of Article IV provides that all acts of the Grand Master under Article IV are automatically referred to the Committee on Appeals and Grievances for their review and recommendation to the Grand Lodge for final action.
Upon de novo review, we find that by the clear authority granted in Section 2 of Article IV of the HOML, the Grand Master could validly suspend Mr. Bruzik and Mr. Du Treil until the Grand Lodge acted "upon proof of the act on which the suspension was made" at the next annual Grand Lodge Communication. Plaintiffs filed suit on June 12, 2018, after they were suspended but prior to the meeting of the annual Grand Lodge Communication. We thus find that defendants have met their burden of proving that administrative remedies still existed at the time plaintiffs' suit was filed. Plaintiffs, however, failed to provide proof that they are entitled to judicial relief because the available administrative remedies are inadequate. See Steeg , supra. Because plaintiffs failed to exhaust all administrative remedies prior to filing their petition, the trial court erred in denying defendants' dilatory exception of prematurity.[6]
CONCLUSION
For the foregoing reasons, we reverse the judgment of the trial court that denied defendants' exception of prematurity, vacate the judgment of the trial court that granted plaintiffs' petition for injunctive relief and declaratory judgment, grant defendants' exception of prematurity, and dismiss plaintiffs' petition without prejudice.
*982 JUDGMENT DENYING EXCEPTION OF PREMATURITY REVERSED; JUDGMENT GRANTING INJUNCTIVE RELIEF AND DECLARATORY JUDGMENT VACATED; JUDGMENT RENDERED GRANTING EXCEPTION OF PREMATURITY AND DISMISSING SUIT WITHOUT PREJUDICE

The Grand Lodge of the State of Louisiana is a domestic corporation created by act of the Louisiana Legislature in 1816. See 1816 La. Acts No. 38, approved March 18, 1816, pp. 99 and 100.

An additional plaintiff, Jeff Webb, was named in the original petition, but was later dismissed from the case without prejudice.

On June 18, 2018, defendants filed a rule to strike allegations from the petition that was also heard at this hearing. Defendants argued that a number of paragraphs in plaintiffs' petition were redundant, immaterial, impertinent, or scandalous. Specifically, defendants argued that the words "Members of the Grand Lodge of the State of Louisiana" used by plaintiffs in their caption were immaterial and/or impertinent because plaintiffs were not prosecuting a direct or derivative shareholders action or a certified class action. Following the hearing, the trial court granted the motion to strike insofar as the words "Members of the Grand Lodge of the State of Louisiana" were stricken from the caption, and ordered that the caption should only include plaintiffs' names. The trial court denied the remainder of the motion to strike.

The initial judgment signed by the trial court on June 27, 2018 did not contain the required decretal language in order to render the judgment final because it failed to identify the specific relief granted on the petition for injunctive relief and declaratory judgment. See City of Gretna v. Morice , 13-85 (La. App. 5 Cir. 10/30/13), 128 So.3d 468, 470. As such, on October 15, 2018, this Court issued an order instructing the trial court to amend the judgment to include the necessary decretal language to properly invoke this Court's jurisdiction. The trial court signed an amended judgment on October 17, 2018. The amended judgment corrected the deficiency in the original judgment. Accordingly, a final judgment has been rendered and the matter is properly before us on appeal.

Article VII, Section 1, b, (4) of the HOML provides:
The following cannot be tried by a constituent Lodge: A member of a Lodge under a Foreign Jurisdiction if the offense was committed outside the vicinity of the constituent Lodge. An interdict or insane member, even if suspended or demitted or in jail for a crime. The Master, Past Master or Warden of a Lodge, for acts performed while acting as Master thereof, and any officer of the Grand Lodge, for acts performed while acting as an officer thereof, who can be tried only by the Grand Lodge.

In light of this ruling, we pretermit review and discussion of defendants' remaining assignments of error.