MICHAEL E. KIRBY, Judge.
| plaintiff, George A. Farber, Sr., M.D., appeals the trial court’s dismissal of his action as premature, without prejudice. Defendant, Louisiana State Board of Medical Examiners (the “Board”) answers the appeal, arguing that the trial court erred in denying its exceptions of lack of subject matter jurisdiction and no cause of action.
A former patient filed a complaint against Dr. Farber, a dermatologist, resulting in administrative proceedings before the Board. On September 8, 2008, Dr. Farber filed a “Petition for Judicial Review of Administrative Action and Application for Emergency Stay of Said Proceedings” in Civil District Court for the Parish of Orleans. In that petition, Dr. Farber sought review of certain Board rulings including, but not limited to: 1) the denial of Dr. Farber’s Motion to Reset Hearing; 2) the denial of Dr. Farber’s *963 Motion to Dismiss; and 3) the grant of the Board’s Motion to Strike regarding Dr. Farber’s intention to depose the Board’s Chief Investigator and call for her live testimony at hearing. Dr. Farber also 12requested a stay of the ongoing administrative proceedings against him until the judicial review of this matter is exhausted.
On September 9, 2008, the trial court granted Dr. Farber’s Petition for Judicial Review of Administrative Action and Application for Emergency Stay of Said Proceedings. The court stayed the administrative proceedings involving Dr. Farber for at least 30 days, “and until such time as discovery is completed, after which, the date for the administrative hearing in this matter shall be established.”
On the same date that the stay order was issued, the Board filed exceptions of lack of subject matter jurisdiction and no cause of action. On September 16, 2008, Dr. Farber filed a motion for sanctions against the Board, seeking an award of attorney’s fees, costs and “other appropriate relief.” On October 24, 2008, Cecilia Mouton, M.D., the Board’s Director of Investigations, filed a cross-motion for sanctions against Dr. Farber “for bringing a frivolous lawsuit to secure an order that was patently unlawful.”
On December 12, 2008, Dr. Farber and the Board filed a Joint Motion to Reset Hearing on Plaintiffs Petition for Judicial Review. In response to that motion, the trial court, on December 15, 2008, ordered that the hearing on Dr. Farber’s Petition for Judicial Review be continued without date pending the trial court’s ruling on the Board’s exceptions. On January 13, 2009, the trial court rendered judgment denying the Board’s exceptions of lack of subject matter jurisdiction and no cause of action. The court further ordered this action dismissed |sas premature, without prejudice. Dr. Farber appealed the trial court judgment, and the Board answered the appeal as to the denial of its exceptions.
On appeal, Dr. Farber argues that the trial court erred in dismissing his action as premature. In its answer to the appeal, the Board argues that the trial court erred in denying its exceptions of lack of subject matter jurisdiction and no cause of action.
The trial court dismissed Dr. Far-ber’s action as premature, even though the Board did not raise the exception of prematurity. La. C.C.P. article 926 lists the objections that may be raised through the dilatory exception. Included in this list is the exception of prematurity. La. C.C.P. article 926 B states that “[a]ll objections which may be raised through the dilatory exception are waived unless pleaded therein.” La. C.C.P. article 926 does not allow a trial or appellate court to raise the exception of prematurity on its own motion. Because the exception of prematurity was not specifically pled, it was waived by the Board. See, Louisiana State Board of Medical Examiners v. Bertucci, 593 So.2d 798, 801 (La.App. 4 Cir.1992). Therefore, the trial court erred in the portion of its judgment that essentially grants an exception of prematurity supplied on its own motion.
However, in considering the Board’s argument that the trial court erred in denying its exceptions of lack of subject matter jurisdiction and no cause of action, we note that these exceptions are based on prematurity grounds. The Board argues that the trial court has no jurisdiction over this matter and Dr. Far-ber has no cause of action for judicial review at this time because he has not exhausted all |4administrative remedies and the Board has not yet issued a final decision or order in his case. The Board cites La. R.S. 37:1285 G of the Louisiana *964 Medical Practice Act, which provides as follows:
Notwithstanding any other law to the contrary, no judicial order staying, enjoining, or continuing an adjudication proceeding before, or a preliminary, procedural or intermediate decision, ruling, order, or action of, the board shall be effective, or issued to be effective, whether pursuant to R.S. 49:964 or otherwise, prior to the exhaustion of all administrative remedies and issuance of a final decision or order by the board.
In this case, the Board has not issued a final decision or order in the adjudication proceeding involving the complaint against Dr. Farber. Therefore, this matter is not ripe for judicial review.
La. R.S. 37:1285 H states:
No order staying or enjoining a final decision or order of the board shall be issued unless the district court finds that the applicant or petitioner has established that the issuance of the stay does not:
(1) Threaten harm to other interested parties, including individuals for whom the applicant or petitioner may render medical services; or
(2) Constitute a threat to the health, safety, and welfare of the citizens of this state.
(Emphasis ours.)
The provisions of La. 37:1285 H are not applicable in this matter at this time because the Board has not yet issued a final decision or order in Dr. Farber’s case. Once a final decision or order has been issued by the Board in the adjudication proceeding, Dr. Farber can seek judicial review of that ruling. Until that time, Dr. Farber cannot state a valid cause of action for judicial review.
|BWe find no merit in Dr. Farber’s argument that the Board’s exceptions were previously denied in the trial court order of September 9, 2008. That order did not mention the Board’s exceptions.
Accordingly, we find that the trial court erred in denying the Board’s exception of no cause of action. We hereby render judgment granting the Board’s exception of no cause of action, and dismiss Dr. Farber’s action, without prejudice. Because we are granting the Board’s exception of no cause of action, the Board’s argument that the trial court erred in denying its exception of lack of subject matter jurisdiction is moot.
REVERSED AND RENDERED.