49 So.3d 418 (2010)
Daniel MORENO
v.
ENTERGY CORPORATION, Entergy Gulf States, Inc., Entergy Louisiana, LLC, Eagle Enterprises of Jefferson, Lafayette Insurance Company, Walgreen Louisiana Co. Inc., ABC Insurance Company and the Parish of Jefferson.
No. 09-CA-976.
Court of Appeal of Louisiana, Fifth Circuit.
September 10, 2010.
*419 Stephen N. Elliott, Margaret A. Cassisa, Caroline D. Elliott, Ann B. Wootten, Attorneys at Law, Metairie, LA, for Defendant/Appellant (Carl E. Woodward, LLC).
Marcus V. Brown, Catherine Ohlsson Gracia, Cory R. Cahn, Attorneys at Law, New Orleans, LA, for Defendant/Appellant (Entergy Louisiana, LLC).
Charles S. Green, Jr., Shelly E. Chiappetta, Attorneys at Law, New Orleans, LA, for Defendant/Appellant (Stewart Interior Contractors, LLC).
Gregory J. McDonald, Attorney at Law, New Orleans, LA, for Defendant/Appellee (Landaverde Construction, LLC).
Ethan N. Penn, Brent J. Carbo, Attorneys at Law, New Orleans, LA, for Third-Party Defendant/Appellee (Western World Insurance Company).
Panel composed of Judges CLARENCE E. McMANUS, JUDE G. GRAVOIS, and MARC E. JOHNSON.
MARC E. JOHNSON, Judge.
Defendants/Appellants, Entergy Louisiana, LLC, Stewart Interior Contractors, LLC, and Carl E. Woodward, LLC all appeal dismissals of cross-claims resulting from the granting of motions for summary judgments from the 24th Judicial District Court, Parish of Jefferson. For the following reasons, we affirm the trial court's dismissals of the cross-claims filed by Entergy Louisiana, Inc., Carl E. Woodward and Stewart Interior Contractors, LLC, vacate the portion of the judgments dismissing the cross-claims with prejudice, and amend the judgments to dismiss the cross-claims without prejudice.

FACTS AND PROCEDURAL HISTORY
In the aftermath of Hurricane Katrina, Carl E. Woodward, LLC (hereinafter "Woodward"), general contractor, entered into a construction contract with Eagle *420 Enterprises of Jefferson, Inc., owner of Walgreens Shopping Center located at 7100 Veterans Memorial Boulevard, Metairie, Louisiana. Woodward subcontracted with Stewart Interior Contractors, LLC (hereinafter "Stewart") to install framing and exterior sheetrock. In order to assist with the labor, Stewart entered into a "Temporary Labor Contract" subcontracting with Landaverde Construction, LLC (hereinafter "Landaverde") for personnel to work with Stewart.
On January 5, 2006, while working at the Walgreens job site, Plaintiff, Daniel Moreno (hereinafter "Moreno"), was injured while atop a scaffolding that was too close to the power lines, which was located next to the facade of the Walgreens store. As Moreno was climbing the scaffolding to warn his co-workers that they were too close to the overhead power lines, one of his co-workers contacted the adjacent overhead power lines with a piece of metal that Moreno was removing from the scaffolding. That contact ultimately resulted in severe injuries to Moreno.
On January 4, 2007, Moreno filed suit on against Entergy Louisiana, LLC (hereinafter "Entergy"), Eagle Enterprises of Jefferson, Inc., Lafayette Insurance Company, Walgreens Louisiana Company, Inc., the Parish of Jefferson, Woodward, and Stewart.[1] In his Petition for Damages, Moreno alleges that he received "a severe, painful and debilitating electrical shock from high voltage distribution/transmission power lines adjacent to the building . . ." Moreno further alleges that he "caught on fire, sustained extreme pain, suffering, anguish, physical injury . . ." among other injuries.
Stewart filed an answer to Moreno's petition, a cross-claim against Landaverde, and a third-party demand against Landaverde's commercial liability insurer, Western World Insurance Company (hereinafter "Western World"). The third-party demand and cross-claim arouse out of a contractual indemnity clause found in the "Temporary Labor Contract" between Stewart and Landaverde.
Landaverde filed a motion for summary judgment seeking to dismiss Stewart's cross-claim. The trial court granted Landaverde's motion. Stewart filed a motion for new trial, and it too was denied by the trial court. Stewart is appealing the trial court's final judgment dismissing its cross-claim demand against Landaverde.
Western World filed a motion for summary judgment seeking to dismiss Stewart's third-party demand filed against it. The trial court granted the motion. Stewart is also appealing the trial court's final judgment dismissing its third-party demand against Western World.
Entergy answered Moreno's petitions and filed third-party demands against Stewart, Landaverde and Woodward. Entergy's third-party demand alleged that the third-party defendants were liable to Entergy for indemnity, pursuant to the Louisiana Overhead Power Line Safety Act ("OPLSA"). Entergy also filed a motion for summary judgment alleging that Stewart violated the OPLSA. The trial court denied Entergy's motion.
Landaverde filed separate a motion for summary judgment seeking to dismiss Entergy's cross-claim. At the July 8, 2009 hearing, the trial court granted Landaverde's motion for summary judgment and dismissed Entergy's cross-claim against Landaverde with prejudice. At the same hearing, Stewart and Woodward orally *421 filed motions for summary judgment citing the same reasoning as the one used by Landaverde. On August 27, 2009, Stewart filed a motion for summary judgment seeking to dismiss Entergy's cross-claim. The trial court granted Stewart's motion and dismissed Entergy's cross-claim against Stewart. On September 17, 2009, Woodward filed a motion for summary judgment seeking to dismiss Entergy's cross-claim. The trial court granted the motion and dismissed Entergy's cross-claim against Woodward with prejudice. Entergy is appealing the dismissals of the cross-claims against Landaverde, Stewart and Woodward.
At the July 8, 2009 hearing, the trial court continued Stewart's motion for summary judgment, alleging it was Moreno's statutory employer, against Moreno without date. Subsequently, Stewart re-filed its motion. The trial court granted Stewart's motion for summary judgment finding that Moreno was a statutory employee of Stewart.
We will now address each appeal separately.

Entergy's Appeal
On appeal, Entergy alleges that the trial court erred by granting the motions for summary judgment by disregarding the language of LSA-R.S. 45:144 of the OPLSA, which provides that the owner of a high voltage overhead power line is entitled to recover all damages from "persons responsible" who violate the Act, and holding that Entergy was precluded, as a matter of law, from being fully indemnified by the "persons responsible" for violating the Act.
Entergy avers that the purpose of the OPLSA is to make the persons responsible for the violation economically responsible if they fail to provide the required advance notification, thereby depriving Entergy of the opportunity to inspect the proposed work site and institute appropriate safety measures. Entergy further avers that, pursuant LSA-R.S. 45:144 of the OPLSA, it is entitled to indemnity from the persons responsible of violating the Act of all damages incurred from the violation. Entergy contends that the only way to force a company to comply with the Act is to ensure that it is responsible for "all damages," including the damages owed by the utility company, if the company fails to comply with the Act. As a result, Entergy alleges that the trial court erred in granting the motions for summary judgment and finding that Entergy was barred as a matter of law from seeking indemnity from Landaverde, Stewart and Woodward.
LSA-R.S. 45:144(A) of the OPLSA provides,
If a violation of this Chapter results in physical or electrical contact with any high voltage overhead line, the person violating this Chapter shall be liable to the owner or operator of the high voltage overhead line for all damages, costs, or expenses incurred by the owner or operator as a result of the contact.
Entergy's cross-claims against Landaverde, Stewart and Woodward are based upon the indemnity provision of LSA-R.S. 45:144(A). The trial court granted the motions for summary judgment by Landaverde, Stewart and Woodward. The summary judgments dismissed Entergy's cross-claims against Landaverde, Stewart and Woodward with prejudice on the basis that Entergy did not have indemnity rights pursuant to the OPLSA.
We agree with the dismissal of Entergy's cross-claims against Landaverde, Stewart and Woodward; however, we agree for a reason other than the one provided by the trial court. We conclude that the cross-claims of Entergy and the motions for summary judgment by Landaverde, *422 Stewart and Woodward were premature. No fault has been allocated to any party in the case, and no damages from Moreno's action have been assessed against Entergy. No cause of action for indemnity has been incurred by Entergy at this phase in the matter. (See Toups v. Koch Gateway Pipeline, Inc., 04-223, p. 4 (La.App. 1 Cir. 4/24/05); 915 So.2d 811, 814, writ denied, 05-1392 (La.12/16/05); 917 So.2d 1109, quoting Kantlehner v. United States, 279 F.Supp. 122, 128 (E.D.N.Y.1967), where the court held, "[A] party's right to either indemnity or contribution [is] derivative, and remains inchoate until the settlement or resolution of the primary action. The cause of action ... does not accrue until the payment has been made.") (See also Meloy v. Conoco, Inc., 504 So.2d 833, 839 (La.1987), where the Louisiana Supreme Court held that a cause of action for indemnification for cost of defense does not arise until the lawsuit is concluded and defense costs are paid.)
In the interest of justice and judicial efficiency, we are upholding the dismissal of Entergy's cross-claims on account of our own motion of no cause of action on the basis of prematurity.[2] (See Teche Financial Services, Inc. v. State, Dept. of Public Safety, 06-250, p.5 (La.App. 3 Cir. 9/27/06); 939 So.2d 650, 654, where the court found that appellate courts cannot supply an exception of prematurity on its own motion; however, it can supply the exception of no cause of action based upon prematurity grounds.) Nevertheless, we are vacating the portion of the trial court's ruling dismissing Entergy's cross-claims with prejudice. We amend the dismissal of Entergy's cross-claims to be without prejudice, in order to allow an indemnity claim to be raised by Entergy in the event it is allocated fault.

Stewart's Appeal
On appeal, Stewart alleges that the trial court erroneously granted the motion for summary judgment by Landaverde, which dismissed its cross-claim, because Stewart is entitled to seek indemnity from Landaverde pursuant to the "contract indemnity clause" in the Temporary Labor Contract because Landaverde's employees were negligent in causing the accident. Additionally, Stewart alleges that the trial court erroneously granted Western World's motion for summary judgment, which dismissed its third-party demand, because the Temporary Labor Contract between its insured, Landaverde, and Stewart is an "insured contract" under the terms of Western World's insurance policy.
As with Entergy's cross-claims, we also find that Stewart's cross-claims against Landaverde and Western World were properly dismissed because they were premature. Additionally, we find that the granting of the motions for summary judgment filed by Landaverde and Western World were also premature. No fault has been allocated to any party in the case, and no damages from Moreno's action have been assessed against Stewart. No cause of action for indemnity has been incurred by Stewart at this phase in the matter. See Toups v. Koch Gateway Pipeline, Inc. and Meloy v. Conoco, Inc., supra.
In the interest of justice and judicial efficiency, we are upholding the dismissal of Stewart's cross-claim against Landaverde and Western World on account of our own motion of no cause of action on the basis of prematurity.[3]See Teche Financial *423 Services, Inc. v. State Dept. of Public Saftey, supra. However, we are vacating the portion trial court's ruling dismissing Stewart's cross-claims with prejudice. We amend the dismissal of Stewart's cross-claims to be without prejudice, in order to allow an indemnity claim to be raised by Stewart against Landaverde and/or Western World, in the event it is allocated fault.

Woodward's Appeal
Woodward argues that the trial court erroneously granted Landaverde's motion for summary judgment, which dismissed Woodward's cross-claim against Landaverde, because there are genuine issues of material fact remaining with respect to the question(s) pertaining to Landaverde's obligation to indemnify Woodward. In its cross-claim against Landaverde, Woodward is seeking indemnification from Landaverde, pursuant to the Temporary Labor Contract executed between Stewart and Landaverde. As a result of the contractual provision in the Temporary Labor Contract, Woodward maintains that Landaverde owes it indemnification for those damages "arising or out of act(s), action(s), behavior and/or negligence, either solely, in concert or in part of LCI[4] or its employees ..." Woodward notes in its brief that it is bringing this instant appeal out of an abundance of caution and in the event that this Court decides that indemnification is owed by Woodward to Entergy. Woodward also argues that the trial court erroneously granted Western World's motion for summary judgment vis-a-vis the cross-claim by Woodward against Landeverde, and thus, the trial court erred in finding that no coverage is provided by Western World for any of the claims brought by Woodward against Landaverde.
As with Entergy's cross-claims, we also find that Woodward's cross-claims against Landaverde and Western World were properly dismissed because they were premature. Additionally, we find that the granting of the motions for summary judgment filed by Landaverde and Western World were also premature. No fault has been allocated to any party in the case, and no damages from Moreno's action have been assessed against Woodward. No cause of action for indemnity has been incurred by Woodward at this phase in the matter. See Toups v. Koch Gateway Pipeline, Inc. and Meloy v. Conoco, Inc., supra.
In the interest of justice and judicial efficiency, we are upholding the dismissal of Woodward's cross-claim against Landaverde and Western World on account of our own motion of no cause of action on the basis of prematurity.[5]See Teche Financial Services, Inc. v. State Dept. of Public Saftey, supra. However, we are vacating the portion trial court's ruling dismissing Woodward's cross-claims with prejudice. We amend the dismissal of Woodward's cross-claims to be without prejudice, in order to allow an indemnity claim to be raised by Woodward against Landaverde and/or Western World, in the event it is allocated fault.

DECREE
For the foregoing reasons, the trial court's dismissals of the cross-claims filed *424 by Entergy Louisiana, Inc., Carl E. Woodward and Stewart Interior Contractors, LLC are affirmed. The portions of the judgments dismissing the cross-claims with prejudice are vacated, and the judgments are amended to dismiss the cross-claims without prejudice. Entergy Louisiana, Inc., Carl E. Woodward and Stewart Interior Contractors, LLC are to equally bear the costs of this appeal.
DISMISSALS AFFIRMED IN PART; AMENDED IN PART.
GRAVOIS, J., concurs with reasons.
For the following reasons, I respectfully concur with the majority opinion herein.

ENTERGY'S APPEAL AGAINST LANDAVERDE, STEWART AND WOODWARD
The majority opinion herein upholds the dismissal of Entergy's claims against Landaverde, Stewart, and Woodward "on account of our own motion of no cause of action on the basis of prematurity", then vacates the portion of the trial court's ruling dismissing Entergy's claims with prejudice, and amends the dismissal of Entergy's claims to be without prejudice, in order to allow an indemnity claim to be raised by Entergy in the event it is allocated fault.
The motions and cross-motions for summary judgment were in the nature of declaratory actions, i.e., they sought to define the parties' rights and obligations under the OPLSA in the event Entergy is cast in liability to Moreno, which has yet to be determined. See Faucheaux v. Prytania Medical Complex Owners Ass'n, 93-2042 (La.App. 4 Cir. 8/17/94), 642 So.2d 242, 245, where that court vacated portions of two summary judgments granted in favor of a third-party plaintiff on its indemnification claim against a third-party defendant, finding that decision on the issue was premature. As in Faucheaux, no fault determination has been made herein, nor have any damages been awarded relative to any party at this point in the case. Entergy's liability to Moreno is a contingency that has not yet arisen and may not arise.
After thoroughly considering the procedural posture of this case, rather than dismissing Entergy's claims without prejudice, I would simply vacate the trial court's rulings on Entergy's motions for summary judgment as premature and remand for further proceedings, allowing Entergy to re-urge its motions at such time as the matters asserted therein are ripe for determination.

STEWART'S APPEAL AGAINST LANDAVERDE AND WESTERN WORLD
The next judgment on appeal is the granting of motions for summary judgment filed by and in favor of Landaverde and its liability insurer Western World, dismissing the cross-claim and third party demand filed by Stewart against Landaverde and Western World, respectively. The majority opinion herein upholds the dismissal of Stewart's claims against Landaverde and Western World "on account of our own motion of no cause of action on the basis of prematurity", then vacates the portion of the trial court's ruling dismissing Stewart's claims with prejudice, and amends the dismissal of Stewart's claims to be without prejudice, in order to allow an indemnity claim to be raised by Stewart against Landaverde and/or Western World in the event it is allocated fault.
In its brief, Stewart frames the issues as follows:
1. If at trial, Entergy obtains an indemnity judgment against Stewart Interior Contractors, LLC pursuant to Louisiana's Overhead Power Line Safety Act (OPLSA), R.S. 45:141, et seq., may Stewart Interior Contractors, *425 LLC seek indemnity from Landaverde Construction, LLC pursuant to the "contractual indemnity clause" in the Temporary Labor Contract between Stewart Interior Contractors, LLC and Landaverde Construction, LLC because it was Landaverde Construction, LLC's employee's who caused the damages to plaintiff.
2. Whether Western World Insurance Company's general liability policy insuring Landaverde Construction, LLC provides coverage for negligent acts committed by Landaverde Construction, LLC employees because the "Temporary Labor Contact" between its insured, Landaverde, and Stewart Interior Contractors, LLC is an "insured contract" under the terms of the Western World Insurance Policy.
Accordingly, Stewart is appealing in an abundance of caution should this court find that it owes Entergy indemnity under the OPLSA. Because the other judgments regarding the application of the OPLSA in this case have been found to be premature, I agree with the majority opinion herein that this judgment in favor of Landaverde and Western World against Stewart, too, is premature. Rather than dismissing Stewart's claims without prejudice, however, I would simply vacate the ruling on Landaverde's and Western World's motions for summary judgment and remand for further proceedings, allowing the parties to re-urge their motions at such time as the matters asserted therein are ripe for determination.

WOODWARD'S APPEAL AGAINST WESTERN WORLD AND LANDAVERDE
The majority opinion herein similarly dismisses Woodward's claims against Landaverde and Western World as premature and amends that dismissal to be without prejudice.
Woodward's cross-claim against Landaverde seeks indemnification from Landaverde, pursuant to the indemnification clause of the Temporary Labor Contract between Stewart and Landaverde, in the event Woodward is found liable to Entergy under the OPLSA. Because Woodward's contingent liability to Entergy has yet to be determined, I agree with the majority opinion herein that the trial court's ruling on Landaverde's motion for summary judgment against Woodward is premature. Rather than dismissing the motion without prejudice, however, I would simply vacate the ruling on Landaverde's motion for summary judgment against Woodward and remand for further proceedings, allowing the parties to re-urge their motions at such time as the matters asserted therein are ripe for determination.
Western World argues on appeal that the basis for its motion for summary judgment against Woodward was the "employer's liability" exclusion contained in the commercial general liability ("CGL") policy issued to Landaverde, which precluded coverage for bodily injury to an employee of the insured.[1] Western World points out that the damages sought in this case are for bodily injury to Moreno, an employee of the insured Landaverde. Western World further notes that Woodward's appellate brief does not address the "employer's liability" exclusion, which was the basis *426 for its motion against Woodward, nor does it attempt to address any provision of or coverage provided by the policy. What Woodward did in the trial court, and does on appeal, is attempt to cast the damages sought in this case (plaintiff Moreno's damages) as damages to itself (its contingent liability to Entergy under the OPLSA, and/or Woodward's own costs of defense in this suit), a position that the trial court rejected.
Because Western World's liability to Woodward has yet to be determined, I agree with the majority opinion herein that the trial court's ruling on Western World's motion for summary judgment against Woodward is also premature. Rather than dismissing Woodward's claims against Western World without prejudice, however, I would simply vacate the ruling on Western World's motion for summary judgment against Woodward and remand for further proceedings, allowing Western World to re-urge its motion at such time as the matters asserted therein are ripe for determination.
NOTES
[1] Eagle Enterprises of Jefferson, Inc., Lafayette Insurance Company, Walgreens Louisiana Co., Inc., and the Parish of Jefferson were dismissed from the suit.
[2] Because we upholding the dismissal of the cross-claims on account of prematurity, the merits of the motions for summary judgment need not be addressed because they are pretermitted.
[3] Because we upholding the dismissals of the cross-claims on account of prematurity, the merits of the motions for summary judgment need not be addressed because they are pretermitted.
[4] LCI is the acronym for Landaverde Construction, Inc.
[5] Because we upholding the dismissals of the cross-claims on account of prematurity, the merits of the motions for summary judgment need not be addressed because they are pretermitted.
[1] The policy in question precludes coverage to an employee of the insured "which arose out of and in the course of employment by the insured, and any obligation to share damages with or repay someone else who must pay damages because of the injury." (Emphasis added.)