64 So.3d 761 (2011)
Daniel MORENO
v.
ENTERGY CORPORATION, Entergy Gulf States, Inc., Entergy Louisiana, LLC, Eagle Enterprises of Jefferson, Lafayette Insurance Company, Walgreen Louisiana Co., Inc., ABC Insurance Company and the Parish of Jefferson.
No. 2010-C-2268.
Supreme Court of Louisiana.
February 18, 2011.
PER CURIAM.
This case presents a straightforward, but novel, issue: whether there exists in Louisiana law an "exception of no cause of action based on prematurity," and, if so, whether the court of appeal may supply this exception on its own motion. The answer to both questions is no. We therefore reverse the judgment of the court of appeal and remand for further consideration.

PROCEDURAL HISTORY
Plaintiff Daniel Moreno was injured while working near an overhead power line in Jefferson Parish. Moreno sued numerous defendants, including Entergy, the owner of the power lines.[1] Entergy filed *762 several third party cross-claims, which are the subject of these consolidated writs.
Entergy seeks indemnity based on the Overhead Power Line Safety Act, La.Rev. Stat. § 45:141-146 ("OPLSA"). This Act forbids any party from conducting work within ten feet of an overhead power line without first contacting the owner of the line and making appropriate safety arrangements. Entergy argues that, if it is held liable for Moreno's injuries, the Act creates a right of indemnity against those contractors, including Stewart Interior Contractors, LLC, who worked near the power lines in violation of the Act.
The trial court ruled in favor of the cross-defendants, finding that the OPLSA does not create an independent right of indemnity for damages incurred as a result of injuries suffered by third parties. Entergy appealed. The court of appeal affirmed on the grounds of prematurity, which had not been raised by any party: "the cross-claims of Entergy ... were premature. No fault has been allocated to any party in the case, and no damages from Moreno's action have been assessed against Entergy. No cause of action for indemnity has been incurred by Entergy at this phase in the matter." Moreno v. Entergy Corp., 09-976 (La.App. 5 Cir. 9/10/10), 49 So.3d 418.[2] The court, without requesting briefing from the parties, entered what it called an "exception of no cause of action on the basis of prematurity." Id. at 422.
Both Entergy and cross-defendant Stewart Interior Contractors, LLC filed writs, urging the court of appeal's sua sponte ruling was in error. We agree.

DISCUSSION
The exception of prematurity is a dilatory exception. La.Code Civ. Proc. art. 926(A)(1). A court may not raise a dilatory exception sua sponte; indeed, "All objections which may be raised through the dilatory exception are waived unless pleaded therein." La.Code Civ. Proc. art. 926(B). The court of appeal recognized this principle, citing Teche Financial Services, Inc. v. State, Dept. of Public Safety, 06-250, p. 5 (La.App. 3 Cir. 9/27/06); 939 So.2d 650, 654, for the proposition that "appellate courts cannot supply an exception of prematurity on its [sic] own motion." Moreno v. Entergy Corp., 09-976 (La.App. 5 Cir. 9/10/10), 49 So.3d 418, 422.
However, a court of appeal may raise the peremptory exception of no cause of action sua sponte: "the failure to disclose a cause of action or a right or interest in the plaintiff to institute the suit ... may be noticed by either the trial or appellate court on its own motion." La.Code Civ. Proc. art. 927(B). The court therefore fashioned a new exception, which it called the exception of "no cause of action on the basis of prematurity."
The court of appeal erred as a matter of law, as these two exceptions serve completely different functions. An exception of no cause of action tests "the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading." Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La. 1993). An exception of prematurity serves a completely different purpose: "The dilatory *763 exception of prematurity provided in La.Code Civ. Proc. art. 926 questions whether the cause of action has matured to the point where it is ripe for judicial determination." Williamson v. Hospital Service Dist. No. 1 of Jefferson, 2004-0451 (La.12/1/04), 888 So.2d 782, 785. These are two separate lines of inquiry, and the court of appeal erred in conflating them.[3]
Although the court of appeal claimed it was entering an exception of no cause of action, the judgment was not truly based on the legal insufficiency of the allegations. It is clear that the court based its ruling solely on the theory that Entergy's indemnity claim was not ripe for adjudication, which is properly raised only via dilatory exception.
A similar issue appeared in the well-reasoned case of Steed v. St. Paul's United Methodist Church, 31,521 (La.App. 2 Cir. 2/24/99), 728 So.2d 931. Plaintiff Marian Steed sued the church and its minister, alleging sexual harassment and discrimination. The minister filed a reconventional demand for defamation on the basis that plaintiff's false allegations had damaged his reputation in the community. Before the court of appeal, Steed argued the reconventional demand was premature unless and until the court entered judgment finding her allegations were false. However, she never filed an exception of prematurity, and the court of appeal declined to supply one: "Prematurity, like the other dilatory exceptions, is waived unless pled." Id. at 938. Although Steed asked the court of appeal to supply an exception of no cause of action based on prematurity, the court declined: "we are obligated to construe the exception by its substance, not the title supplied by the litigant. La. C.C.P. art. 865. Steed's argument cannot be possibly construed as denying the legal sufficiency of Rev. Simmons's reconventional demand; her only genuine claim is prematurity. For the reasons already discussed, prematurity was waived." Id. at 939. Accord, Farber v. La. State Board of Medical Examiners, 2009-0301 (La.App. 4 Cir. 9/9/09), 22 So.3d 962, 963.
Just as in Steed, the "true import" of the court of appeal's judgment is the supposed prematurity of Entergy's cross-claim. As Stewart did not raise this exceptionand, it appears, purposefully chose not to raise this exceptionthe court of appeal erred in supplying it on its own motion.

CONCLUSION
Accordingly, we reverse the judgment of the court of appeal and remand to the court of appeal for consideration of pretermitted issues not addressed in the original opinion.
VICTORY, J., concurs and assigns reasons.
WEIMER, J., concurs in the result.
*764 VICTORY, J., concurring.
The court of appeal held that the indemnity claims were premature because the defendants had not yet been cast in judgment and supplied an exception of no cause of action based on prematurity to dismiss the indemnity claims without prejudice. The per curiam holds that there is no exception of no cause of action based on prematurity and that such exception can only be raised by a dilatory exception, which cannot be supplied by the court.
In Steeg v. Lawyers Title Ins. Corp., 329 So.2d 719 (La.1976), this Court held that the objection of prematurity may be raised not only by a dilatory exception, but also by an exception of no cause of action or as a defense in the answer. Steeg involved an objection of prematurity based on failure to exhaust administrative remedies and the objection was raised by a dilatory exception. However, the Court could not have been clearer in stating:
The defense that the plaintiff is not entitled to judicial relief because he has not exhausted his administrative remedies, may be raised to the merits, either by the exception pleading no cause of action, La. C.C.P. art. 927(4) (if such defense is affirmatively show by the petition without resort to objected-to evidence, La. C.C.P. art. 931), or by answer so pleading it. See O'Meara v. Union Oil Co., 212 La. 745, 33 So.2d 506 (1947).
The defense may also be raised, as it was here, by the dilatory exception pleading prematurity, La. C.C.P. art. 926(1), which is determined on the basis of the showing made at the in-limine trial of the exception, including evidence introduced at the trial thereof. La. C.C.P. art. 929, 930. The functions of the exception permit raising the issue that the judicial cause of action has not come into existence because some prerequisite condition has not been fulfilled. I McMahon, Louisiana Practice 341-49 (1939).
329 So.2d at 720.
Professor Maraist's Civil Law Treatise discusses the exception based on prematurity in his sections dealing with the dilatory exception and the peremptory exception of no cause of action, and relies on Steeg as authority that the exception of prematurity can be raised by either. Frank L. Maraist, Louisiana Civil Law Treatise: Civil Procedure, Vol. I, § 6.6, p. 160, n. 26 (2d ed.2008). Professor Maraist states that "[I]n Steeg ..., the court noted that the objection of prematurity may be raised not only by a dilatory exception, but also by an exception of no cause of action or as a defense in the answer." Id. Later, after stating that "[t]he exception of no cause of action must be distinguished" from certain dilatory exceptions, he cites Steeg as authority that some exceptions, namely the exception of prematurity, "may be urged through both exceptions." Id., § 6.7, p. 170, n.40.[1] Based on the above, it *765 seems the per curiam's holding that the court of appeal "fashioned a new exception, which it called the exception of `no cause of action on the basis of prematurity'," is not correct, and at the very least is too broad. As per Professor Maraist's discussion in the above footnote, this Court has stated that the exception of prematurity can be raised by either exception, although the Court has not taken a stand on whether certain types of prematurity arguments can only be raised by certain types of exceptions, i.e., where the defendant has failed to take some preliminary step necessary to make the case ripe for judicial involvement. However, the statement made in Steeg was technically dicta, as the exception there was raised as a dilatory exception.
In my view, the Court should address the primary, and much clearer, issue, which is whether a third party indemnity claim is premature when the defendant has not yet been cast in judgment. The court of appeal found that such a claim is premature. However, a clear reading of La. C.C.P. arts. 1111-1116 demands that the third party demand is not premature. For example, La. C.C.P. art. 1111 states that a "defendant in a principal action by petition may bring in any person, including a codefendant, who is his warrantor, or who is or may be liable to him for all or part of the principal demand." La. C.C.P. arts. 1112 and 1116 provides the same right to defendants in reconvention and third party defendants. Most significantly, La. C.C.P. art. 1113 provides harsh consequences for a defendant who fails to bring in such a third party defendant:
A defendant who does not bring in as a third party defendant a person who is liable to him for all or part of the principal demand does not on that account lose his right or cause of action against such person, unless the latter proves that he had means of defeating the action which were not used, because the defendant either failed to bring him in as a third party defendant, or neglected to appraise him that the suit had been brought.
Similarly, La. C.C.P. art. 1091 allows "a third party having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties ..." An important reason for allowing a third party claim for *766 indemnity to be filed before the defendant is cast in judgment is because if the third party is not permitted to participate in the trial on the principal demand, it may be forced to indemnify the main defendant for a large judgment it could have otherwise averted.
For the above reasons, I concur in the result.
NOTES
[1] The record before us is not clear on the relationship, if any, between Entergy Corporation, Entergy Gulf States, LLC, and Entergy Louisiana, LLC. Although we generally refer to these entities as "Entergy" for the sake of convenience, the writ before us was filed on behalf of Entergy Louisiana, LLC.
[2] A later panel of the Fifth Circuit, addressing precisely the same issue, came to the opposite conclusion. Dean v. Entergy Louisiana, LLC, 10-887 (La.App. 5 Cir. 10/19/10) (unpublished).
[3] There is one case from this Court that can be read as having reached a different result. In Steeg v. Lawyers Title Ins. Corp., 329 So.2d 719 (La.1976), this Court stated in apparent dicta that an exception based on failure to exhaust judicial remedies may be brought either as an exception of no cause of action or an exception of prematurity. Id. at 720. citing O'Meara v. Union Oil Co., 212 La. 745, 33 So.2d 506 (1947). As the only exception actually raised in Steeg was based on prematurity, that comment made no part of the holding of the case. No Louisiana court has ever relied on Steeg for this proposition; however, it is cited in the Civil Law Treatise as authority that a "[f]ailure to exhaust administrative remedies may be raised through a dilatory exception of prematurity, a peremptory exception of no cause of action, or in the answer." 1 La. Civil L. Treatise, Civ. Procedure § 6.6, n27 (2010). In any event, Steeg is not applicable here as no party has raised an alleged failure to exhaust administrative remedies.
[1] Most of the discussion centers around two different grounds for prematurity-one in which the obligation exists but for which the time for performance has not yet arrived, and the other in which the obligation has not yet come into existence-and whether one type must be raised by dilatory exception. Id. at pp. 157-161. Professor Maraist makes the following observations:

Both objections concern the substance of the underlying obligation, rather than the absence of a preliminary step in the enforcement process such as the exhaustion of administrative remedies. In the latter case, use of the dilatory exception is clearly appropriate, because the purpose of a dilatory exception is to delay, and not to defeat, the action. In the former case, however, it seems more appropriate that the objection of prematurity should be raised by the peremptory exception of no cause of action (whose function is to defeat the action), an exception which may be raised at any time, or as a defense on the merits.
Perhaps the mandatory use of the dilatory exception to raise an objection of prematurity should be reserved for those cases in which the obligation and the right to enforce the obligation has come into existence, but the plaintiff has failed to take a necessary preliminary step; however, when either a condition or a term is not fulfilled, the cause of action is not fully formed, and the this type of literal "prematurity" should be addressed through the peremptory exception of no cause of action or on the merits. The Supreme Court has not ruled on the issue precisely [noting Steeg's holding that the exception based on prematurity can be raised by either exception], but the jurisprudence has developed the following examples of the proper use of the dilatory exception of prematurity: when the plaintiff has failed to exhaust administrative remedies, when the plaintiff is obligated to arbitrate, when the plaintiff has failed to tender a thing to the seller for repair in a redhibition action, when the plaintiff has failed to place the defendant in default when a placing in default is necessary, or when the plaintiff has failed to obtain a decision of a medical review panel before filing a malpractice suit against a qualified health care provider. In these types of cases, the exception does not challenge or attempt to defeat any of the elements of the plaintiffs cause of action or of the underlying obligation. Rather, the defendant asserts that the plaintiff has failed to take some preliminary step necessary to make the controversy ripe for judicial involvement, and waiver of the objection is appropriate if the defendant fails to file a timely dilatory exception.
Id. at pp. 159-161.