PER CURIAM.
| TThis case presents a straightforward, but novel, issue: whether there exists in Louisiana law an “exception of no cause of action based on prematurity,” and, if so, whether the court of appeal may supply this exception on its own motion. The answer to both questions is no. We therefore reverse the judgment of the court of appeal and remand for further consideration.
PROCEDURAL HISTORY
Plaintiff Daniel Moreno was injured while working near an overhead power line in Jefferson Parish. Moreno sued numerous defendants, including Entergy, the owner of the power lines.[1] Entergy filed *762 several third party cross-claims, which are the subject of these consolidated writs.
1 ¡¿Entergy seeks indemnity based on the Overhead Power Line Safety Act, La.Rev. Stat. § 45:141-146 (“OPLSA”). This Act forbids any party from conducting work within ten feet of an overhead power line without first contacting the owner line and making appropriate safety arrangements. Entergy argues that, if it is held liable for Moreno’s injuries, the Act creates a right of indemnity against those contractors, including Stewart Interior Contractors, LLC, who worked near the power lines in violation of the Act. of the
The trial court ruled in favor of the cross-defendants, finding that the OPLSA does not create an independent right of indemnity for damages incurred as a result of injuries suffered by third parties. En-tergy appealed. The court of appeal affirmed on the grounds of prematurity, which had not been raised by any party: “the cross-claims of Entergy ... were premature. No fault has been allocated to any party in the case, and no damages from Moreno’s action have been assessed against Entergy. No cause of action for indemnity has been incurred by Entergy at this phase in the matter.” Moreno v. Entergy Corp., 09-976 (La.App. 5 Cir. 9/10/10), 49 So.3d 418.[2] The court, without requesting briefing from the parties, entered what it called an “exception of no cause of action on the basis of prematurity.” Id. at 422.
Both Entergy and cross-defendant Stewart Interior Contractors, LLC filed writs, urging the court of appeal’s sua sponte ruling was in error. We agree.
DISCUSSION
The exception of prematurity is a dilatory exception. La.Code Civ. Proc. art. 926(A)(1). A court may not raise a dilatory exception sua sponte; indeed, “All objections which may be raised through the dilatory exception are waived unless therein.” La.Code Civ. Proc. art. 926(B). The court of appeal recognized this principle, citing Teche Financial Services, Inc. v. State, Dept. of Public Safety, 06-250, p. 5 (La.App. 3 Cir. 9/27/06); 939 So.2d 650, 654, for the proposition that “appellate courts cannot supply an exception of prematurity on its [sic] own motion.” Moreno v. Entergy Corp., 09-976 (La.App. 5 Cir. 9/10/10), 49 So.3d 418, 422.
However, a court of appeal may raise the peremptory exception of no cause of action sua sponte: “the failure to disclose a cause of action or a right or interest in the plaintiff to institute the suit ... may be noticed by either the trial or appellate court on its own motion.” La.Code Civ. Proc. art. 927(B). The court therefore fashioned a new exception, which it called the exception of “no cause of action on the basis of prematurity.”
The court of appeal erred as a matter of law, as these two exceptions serve completely different functions. An exception of no cause of action tests “the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading.” Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La.1993). An exception of prematurity serves a completely different purpose: “The dila *763 tory exception of prematurity provided in La.Code Civ. Proc. art. 926 questions whether the cause of action has matured to the point where it is ripe for judicial determination.” Williamson v. Hospital Service Dist. No. 1 of Jefferson, 2004-0451 (La.12/1/04), 888 So.2d 782, 785. These are two separate lines of inquiry, and the court of appeal erred in conflating them.[3]
|4Although the court of appeal claimed it was entering an exception of no cause of action, the judgment was not truly based on the legal insufficiency of the allegations. It is clear that the court based its ruling solely on the theory that Entergy’s indemnity claim was not ripe for adjudication, which is properly raised only via dilatory exception.
A similar issue appeared in the well-reasoned case of Steed v. St. Paul’s United Methodist Church, 31,521 (La.App. 2 Cir. 2/24/99), 728 So.2d 931. Plaintiff Marian Steed sued the church and its minister, alleging sexual harassment and discrimination. The minister filed a reconventional demand for defamation on the basis that plaintiff’s false allegations had damaged his reputation in the community. Before the court of appeal, Steed argued the re-conventional demand was premature unless and until the court entered judgment finding her allegations were false. However, she never filed an exception of prematurity, and the court of appeal declined to supply one: “Prematurity, like the other dilatory exceptions, is waived unless pled.” Id. at 938. Although Steed asked the court of appeal to supply an exception of no cause of action based on prematurity, the court declined: “we are obligated to construe the exception by its substance, not the title supplied by the litigant. La. C.C.P. art. 865. Steed’s argument cannot be possibly construed as denying the legal sufficiency of Rev. Simmons’s reconven-tional demand; her only genuine claim is prematurity. For the reasons already discussed, prematurity was waived.” Id. at 939. Accord, Farber v. La. State Board of Medical Examiners, 2009-0301 (La.App. 4 Cir. 9/9/09), 22 So.3d 962, 963.
|sJust as in Steed, the “true import” of the court of appeal’s judgment is the supposed prematurity of Entergy’s cross-claim. As Stewart did not raise this exception — and, it appears, purposefully chose not to raise this exception — the court of appeal erred in supplying it on its own motion.
CONCLUSION
Accordingly, we reverse the judgment of the court of appeal and remand to the court of appeal for consideration of preter-mitted issues not addressed in the original opinion.
VICTORY, J., concurs and assigns reasons.
WEIMER, J., concurs in the result.

. The record before us is not clear on the relationship, if any, between Entergy Corporation, Entergy Gulf States, LLC, and Entergy Louisiana, LLC. Although we generally refer *762 to these entities as "Entergy” for the sake of convenience, the writ before us was filed on behalf of Entergy Louisiana, LLC.

. A later panel of the Fifth Circuit, addressing precisely the same issue, came to the opposite conclusion. Dean v. Entergy Louisiana, LLC, 10-887 (La.App. 5 Cir. 10/19/10) (unpublished).

. There is one case from this Court that can be read as having reached a different result. In Steeg v. Lawyers Title Ins. Corp., 329 So.2d 719 (La.1976), this Court stated in apparent dicta that an exception based on failure to exhaust judicial remedies may be brought either as an exception of no cause of action or an exception of prematurity. Id. at 720. citing O’Meara v. Union Oil Co., 212 La. 745, 33 So.2d 506 (1947). As the only exception actually raised in Steeg was based on prematurity, that comment made no part of the holding of the case. No Louisiana court has ever relied on Steeg for this proposition; however, it is cited in the Civil Law Treatise as authority that a "[fjailure to exhaust administrative remedies may be raised through a dilatory exception of prematurity, a peremptory exception of no cause of action, or in the answer.” 1 La. Civil L. Treatise, Civ. Procedure § 6.6, n27 (2010). In any event, Steeg is not applicable here as no party has raised an alleged failure to exhaust administrative remedies.